**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ANNMARIE AVILA, an individual; on behalf of herself and all others similarly situated, | CASE NO. |
| Plaintiffs, | **CLASS ACTION** |
| vs. | |
| RIEXINGER & ASSOCIATES, LLC, a Georgia Limited Liability Company; CROWN ASSET MANAGEMENT, LLC, a Georgia Limited Liability Company; STEPHEN P. RIEXINGER, an Individually and in His Official Capacity; and, JOHN AND JANE DOES NUMBERS 1 THROUGH 25, | **COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT** **DEMAND FOR JURY TRIAL** |
| Defendants. | |

## I.  PRELIMINARY STATEMENT

1.      Plaintiff, ANNMARIE AVILA ("Plaintiff" or "AVILA"), on behalf of herself and all others similarly situated, brings this action for the illegal practices of Defendants, RIEXINGER & ASSOCIATES, LLC ("RIEXINGER LLC"), STEPHEN P. RIEXINGER ("RIEXINGER"), and CROWN ASSET MANAGEMENT, LLC ("CROWN ASSET") (collectively "Defendants") who, *inter alia*, used false, deceptive, and misleading practices, and other illegal practices, in connection with its attempts to collect an alleged debt from the Plaintiff and others.

2.      The Plaintiff alleges that Defendants' collection practices violate the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.* ("FDCPA").

3.      Such collection practices include, *inter alia*, sending consumers written communications which make false representations or implications that an attorney is

meaningfully involved in the process of sending those communications.

4.      The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. § 1692(a) - (e).

5.      The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation. The Second Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated consumer." *Clomon v. Jackson*, 988 F.2d 1314 (2d Cir. 1993).

6.      The FDCPA applies to lawyers regularly engaged in consumer debt-collection litigation. *Heintz v. Jenkins*, 514 U.S. 291 (1995); *Goldman v. Cohen*, 445 F.3d 152, 155 (2d Cir. 2006).

7.      To prohibit deceptive practices, the FDCPA, at 15 U.S.C. § 1692e, outlaws the use of false, deceptive, and misleading collection letters and names a non-exhaustive list of certain *per se* violations of false and deceptive collection conduct. 15 U.S.C. § 1692e(1)-(16). Among these *per se* violations prohibited by that section are: false representations or implications that any individual is an attorney or that any communication is from an attorney, 15 U.S.C. §1692e(3); the threat to take any action that cannot legally be taken or that is not intended

to be taken, 15 U.S.C. § 1692e(5); and the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer, 15 U.S.C. § 1692e(10).

8.    The Plaintiff, on behalf of herself and all others similarly situated, seeks statutory damages, attorney fees, costs, and all other relief, equitable or legal in nature, as deemed appropriate by this Court, pursuant to the FDCPA and all other common law or statutory regimes.

## II.  PARTIES

9.    AVILA is a natural person.

10.    At all times relevant to this lawsuit, AVILA is a citizen of, and resided in, the Village of Rockville Center, Nassau County, New York.

11.    At all times relevant to this lawsuit, RIEXINGER LLC is a limited liability company existing pursuant to the laws of the State of Georgia.

12.    At all times relevant to this lawsuit, RIEXINGER LLC maintains its principal place of business at 3100 Breckinridge Blvd., Suite 722, Duluth, Georgia.

13.    Plaintiff is informed and believes, and on that basis alleges, that RIEXINGER is a natural person who resides in City of Snellville, Gwinnett County, Georgia.

14.    At all times relevant to this lawsuit, CROWN ASSET is a limited liability company existing pursuant to the laws of the State of Georgia.

15.    At all times relevant to this lawsuit, CROWN ASSET MANAGMENT maintains its principal place of business at 3100 Breckinridge Blvd, Suite 722, City of Duluth, Gwinnett County, Georgia.

16.     Defendants, JOHN AND JANE DOES NUMBERS 1 THROUGH 25, are sued under fictitious names as their true names and capacities are yet unknown to Plaintiff. Plaintiff will amend this complaint by inserting the true names and capacities of these DOE defendants once they are ascertained.

17.     Plaintiff is informed and believes, and on that basis alleges, that Defendants, JOHN AND JANE DOES NUMBERS 1 THROUGH 25, are natural persons and/or business entities all of whom reside or are located within the United States who personally created, instituted and, with knowledge that such practices were contrary to law, acted consistent with and oversaw policies and procedures used by the employees of RIEXINGER LLC and CROWN ASSET that are the subject of this Complaint. Those Defendants personally control the illegal acts, policies, and practices utilized by RIEXINGER LLC and CROWN ASSET and, therefore, are personally liable for all of the wrongdoing alleged in this Complaint.

### III.  JURISDICTION & VENUE

18.     Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

19.     Declaratory relief is available pursuant to under 28 U.S.C. §§ 2201, 2202.

20.     Venue is appropriate in this federal district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events giving rise to Plaintiff's claims occurred within this federal judicial district, and because the Defendants are each subject to personal jurisdiction in the State of New York at the time this action is commenced.

### IV.  FACTS CONCERNING THE PARTIES

21.     Sometime prior to August 2, 2012, Plaintiff allegedly incurred a financial obligation to Wells Fargo, ("Wells Fargo Obligation").

22.     The Wells Fargo Obligation is alleged to have arisen out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

23.     Defendants contend that the Wells Fargo Obligation is in default.

24.     The alleged Wells Fargo Obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

25.     Plaintiff is, at all times relevant to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

26.     Plaintiff is informed and believes, and on that basis alleges, that sometime prior to August 2, 2012, the creditor of the Wells Fargo Obligation either directly or through intermediate transactions assigned, placed, transferred, or sold the debt to CROWN ASSET for collection.

27.     According to its website, CROWN ASSET markets itself as a professional receivables management and consulting firm whose members have extensive experience in acquiring, collecting, and liquidating consumer receivables.

28.     CROWN ASSET is a purchaser of performing and non-performing consumer debts, which are in default at the time the debts are acquired.

29.     CROWN ASSET collects, and attempts to collect, defaulted debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of itself and other debt buyers using the U.S. Mail, telephone, and Internet.

30.     In connection with its debt servicing operations, CROWN ASSET routinely hires lawyers and law firms, such as RIEXINGER LLC and RIEXINGER, to file lawsuits against consumers in the State of New York in an effort to collect money by obtaining civil judgments on the defaulted debts it acquires.

31.     Plaintiff is informed and believes, and on that basis alleges, that RIEXINGER is a principal owner, director, shareholder, and/or managing partner of CROWN ASSET, as well as its General Counsel.

32.     CROWN ASSET is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

33.     Plaintiff is informed and believes, and on that basis alleges, that sometime prior to August 2, 2012, and within the one year period immediately preceding the filing of the initial complaint in this action, CROWN ASSET either directly or through intermediate transactions assigned, placed, or transferred the Wells Fargo Obligation to RIEXINGER LLC and RIEXINGER for collection.

34.     RIEXINGER LLC collects, and attempts to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone, and Internet.

35.     RIEXINGER LLC is, at all times relevant to this complaint, a "debt collector" as defined by 15 U.S.C. § 1692a(6).

36.     On information and belief, RIEXINGER is a principal owner, director, shareholder, and/or managing partner of RIEXINGER LLC.

37.     RIEXINGER attempts to collect debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone, and Internet.

38.     RIEXINGER personally implemented, and with knowledge such practices were contrary to law, engaged in, acted consistent with, managed, and oversaw the illegal policies and procedures used by other employees of RIEXINGER LLC.

39.     RIEXINGER is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

40.     Neither RIEXINGER LLC nor RIEXINGER are licensed to practice law in the State of New York.

41.     With respect to consumers in the State of New York, at no time does RIEXINGER LLC or RIEXINGER ever pursue legal action concerning the debts it seeks to collect nor does CROWN ASSET ever authorize them to ever engage in such action.

42.     In an attempt to collect the Wells Fargo Obligation, Defendants sent Plaintiff a letter dated August 2, 2012 ("8/2/12 Letter") A true and correct copy of the 8/2/12 Letter is attached hereto as ***Exhibit A***.

43.     The 8/2/12 Letter is a "communication" as defined by 15 U.S.C. §1692a(2).

44.     Plaintiff presumed that the 8/2/12 Letter was in fact the work product of a licensed attorney as it stated, "The firm of Riexinger & Associates LLC is a law firm ***representing*** CROWN ASSET MANAGEMENT, the current creditor….the above-referenced matter has been placed with us for collection and ***such action  as necessary to protect our client***" (Emphasis added).

45.     Plaintiff also presumed that the 8/2/12 Letter was in fact the work product of a licensed attorney as it stated, "if you fail to contact this office, our client may consider ***additional remedies to recover*** the balance due." (Emphasis added).

46.      Plaintiff further presumed that the 8/2/12  Letter was in fact the work product of a licensed attorney as it was personally signed by RIEXINGER as an "Attorney at Law."

47.     The 8/2/12 Letter does implies that RIEXINGER and RIEXINGER LLC are licensed to practice law or pursue legal remedies in the State of New York.

48.     After receiving the 8/2/12 Letter, Plaintiff reasonably inferred -- as would a "least sophisticated consumer" -- that CROWN ASSET was proceeding aggressively as it had incurred

the expense to hire a law firm, such as RIEXINGER LLC, whose named partner, RIEXINGER, had taken the time to personally write her a letter that threatens "such action as necessary" and pursuing "additional remedies" and then sign it.

49.     Plaintiff understood the 8/2/12 Letter, as would the least sophisticated consumer, to be statements and conduct that only a licensed attorney could engage in or make, e.g., discussing what "our client" had asked RIEXINGER LLC and RIEXINGER to do and stating that additional "action" and "remedies" were imminent if Plaintiff failed to pay the amount demanded or call Defendants.

50.     As Plaintiff understood the 8/2/12 Letter, as would the least sophisticated consumer, the only way to settle the alleged Wells Fargo Obligation and avoid "additional remedies" such as a lawsuit and civil judgment was to call RIEXINGER LLC and/or RIEXINGER.

51.     As Plaintiff understood the 8/2/12 Letter, as would the least sophisticated consumer, RIEXINGER LLC and/or RIEXINGER are acting as an attorney for CROWN ASSET in communicating with the consumer concerning alleged debt.

52.     As Plaintiff understood the 8/2/12 Letter upon receiving it, as would the least sophisticated consumer, the debt collection process has entered into a phase where CROWN ASSET through its attorneys, will begin to use procedures established by law and known to attorneys to collect the Wells Fargo Obligation.

53.     As Plaintiff understood the 8/2/12 Letter upon receiving it, as would the least sophisticated consumer, she believed her property and interests were in some potential jeopardy.

54.     As Plaintiff understood the 8/2/12 Letter upon receiving it, as would the least sophisticated consumer, she believed and expected that CROWN ASSET hired RIEXINGER

LLC and RIEXINGER in order to take legal action.

55.     Defendants' attempt to vitiate their culpability by stating in the 8/2/12 Letter with the statement that, "at this time no attorney with this firm has reviewed the particular circumstances of your account," however, as would the least sophisticated consumer, Plaintiff understood the 8/2/12 Letter to mean an attorney had, at the least, done a cursory review of Plaintiff's file and had determined legal action against Plaintiff was merited.

56.     The only purpose of the 8/2/12 Letter was to scare Plaintiff, and other least sophisticated consumers, into believing that CROWN ASSET had hired attorneys who were prepared to, and regularly do, sue consumers such as Plaintiff if quick arrangements are not made to pay the alleged debt.

57.     The only reason RIEXINGER personally signed the 8/2/12 Letter was to scare Plaintiff, and other least sophisticated consumers, into believing that CROWN ASSET had now hired attorneys who were prepared to, and regularly do, sue consumers such as Plaintiff if quick arrangements are not made to pay the alleged debt.

58.     The fact that the 8/2/12 Letter appears to be personally signed by a licensed attorney, lends significant credence to Plaintiff's presumption that these letters were in fact authored, and directed to be sent, by an attorney licensed by the State of New York who had reviewed the particular circumstances of her account prior to mailing same.

59.     The 8/2/12 Letter falsely represents and implies that a New York licensed attorney was directly or personally involved in reviewing Plaintiff's file or account prior to mailing same.

60.     Defendants intended that the 8/2/12 Letter imply a heightened severity over dunning letters from non-attorney collection companies and that the least sophisticated

-9-

consumers react with a commensurate level of alarm and concern thereby giving them an unfair business advantage over non-attorney debt collection companies.

61. Sometime after receiving the 8/2/12 Letter, Plaintiff became informed and now believes, and on that basis alleges, that the 8/2/12 Letter is actually computer-generated, mass-produced, letter that is sent *en masse* to consumers at-large without any meaningful attorney review or involvement and with no intention of following through on the threats of legal action contained therein.

62. Plaintiff is informed and believes, and on that basis alleges, that the Defendants, and each of them, are mere alter egos of one another who share, *inter alia*, the same resources, equipment, office space, and personnel.

63. At a minimum, at all times relevant to the collection of the alleged Wells Fargo Obligation, there existed a principal-agent relationship between CROWN ASSET on the one-hand, and RIEXINGER LLC and RIEXINGER on the other hand.

64. At a minimum, at all times relevant to the collection of the alleged Wells Fargo Obligation, RIEXINGER LLC and RIEXINGER were also the agents for CROWN ASSET, acting within the course and scope of their employment at the time of the incidents complained of herein, and were under the direct supervision, control, and approval of CROWN ASSET.

65. At a minimum, at as the principal and a debt collector, CROWN ASSET is vicariously liable for the illegal collection activities of other debt collection companies and collectors, such as RIEXINGER LLC and RIEXINGER, who are working on its behalf to collect debts from consumers like Plaintiff.

## V.  POLICIES AND PRACTICES COMPLAINED OF

66.    It is Defendants' policy and practice to send written collection communications, in the form attached as ***Exhibit A*** in connection with the collection of alleged consumer debts, which make false, deceptive, and misleading representations that any person is an attorney or that any communication is from an attorney and which make other materially false, deceptive, and misleading statements.

67.    Such policies and practices are in violation of 15 U.S.C. §§ 1692e, 1692e(3), 1692e(5), and 1692e(10).

68.    "Abuses by attorney debt collectors are more egregious than those of lay collectors because a consumer reacts with far more duress to an attorney's improper threat of legal action than to a debt collection agency committing the same practice." *Crossley v. Lieberman*, 868 F.2d 566, 570 (3d Cir. 1989).

69.    "A debt collection letter on an attorney's letterhead conveys authority and credibility." *Crossley v. Lieberman*, 868 F.2d 566, 570 (3d Cir. 1989).

70.    On information and belief, the Defendants' written communications, in the form attached as ***Exhibit A*** and as alleged in this complaint under the Facts Concerning Plaintiff, number in the hundreds.

## VI.  CLASS ALLEGATIONS

71.    This action is brought as a class action. Plaintiff brings this action on behalf of herself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

72.    With respect to the Plaintiff Class, this claim is brought on behalf of a class of (a) all persons in the State of New York (b) to whom RIEXINGER LLC and RIEXINGER sent a

written communication materially similar to the form attached as ***Exhibit A***; (c) in an attempt to collect a debt on behalf of CROWN ASSET that was incurred for personal, family, or household purposes; (d) which was not returned as undelivered by the United States Postal Service or a process server; (e) during the one year immediately preceding the filing of the initial complaint in this action and ending 21 days thereafter.

73.    The identities of all class members are readily ascertainable from the records of RIEXINGER LLC and CROWN ASSET.

74.    Excluded from the Plaintiff Class are the Defendants and all officers, members, partners, managers, directors, and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

75.    There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the form attached as ***Exhibit A***, violate 15 U.S.C. §§ 1692e, 1692e(3), 1692e(5), 1692e(10), and 1692j.

76.    The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

77.    The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

78.    This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a

well-defined community interest in the litigation:

(a)   **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

(b)   **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the form attached as ***Exhibits A***, violates 15 U.S.C. §§ 1692e, 1692e(3), 1692e(5), 1692e(10), and 1692j.

(c)   **Typicality:** The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

(d)   **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel has any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

(e)   **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large

number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

79.    Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that a determination that the Defendants' written communications to consumers, in the form attached as ***Exhibit A***, violate 15 U.S.C. §§ 1692e, 1692e(3), 1692e(5), 1692e(10), or 1692j is tantamount to declaratory relief and any monetary relief under the FDCPA would be merely incidental to that determination.

80.    Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

81.    Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## VII.  FIRST CAUSE OF ACTION
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

82.    Plaintiff realleges and incorporates by reference the allegations in the preceding paragraphs of this Complaint.

83.    The Defendants' written communications in the form attached as ***Exhibit A*** are false, deceptive, and misleading in that these communications were neither drafted by, nor received any meaningful review or involvement from, a licensed attorney prior to the mailing of said letters in violation of 15 U.S.C. §§1692e and 1692e(3).

84.     The Defendants' written communications in the form attached as *__Exhibit A__* are false, deceptive, and misleading in that these communications threaten to take action that cannot legally be taken and/or that is not intended to be taken in violation of 15 U.S.C. §§1692e and 1692e(5).

85.     The Defendants' written communication in the form attached as *__Exhibit A__* constitutes the use of a false representation and/or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer in violation of 15 U.S.C. §§1692e and 1692e(10).

86.     The Defendants' written communication in the form attached as *__Exhibit A__* constitutes the use of a false representation that a person other than the creditor of such consumer is participating in the collection of or in an attempt to collect a debt such consumer allegedly owes such creditor, when in fact such person is not so participating in violation of 15 U.S.C. §§1692j.

## VIII.  PRAYER FOR RELIEF

87.     WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in her favor and in favor of the Plaintiff Class as follows:

A.     **For the FIRST CAUSE OF ACTION**:

(i)     An order certifying that the First Cause of Action may be maintained as a class pursuant to Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and the undersigned counsel to represent the Plaintiff Class as previously set forth and defined above;

(ii)     An award of the maximum statutory damages for Plaintiff and the Plaintiff Class pursuant to 15 U.S.C. § 1692k(a)(2)(B);

(iii)   For declaratory relief pursuant to 28 U.S.C. §§ 2201, 2202 adjudging Defendants'

collection conduct complained of herein violates the FDCPA;

(iv)   Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. §

1692k(a)(3); and

(v)   For such other and further relief as may be just and proper.

## IX. JURY DEMAND

Plaintiff hereby demands that this case be tried before a Jury.

DATED:      Uniondale, New York
            July 31, 2013

*s/ Abraham Kleinman*

William F. Horn, Esq. (WH-1070)
LAW OFFICE OF WILLIAM F. HORN
188-01B 71st Crescent
Fresh Meadows, NY 11365
Telephone:  (718) 785-0543
Facsimile:  (866) 596-9003
E-Mail:  bill@wfhlegal.com

Abraham Kleinman, Esq. (AK-6300)
LAW OFFICE OF ABRAHAM KLEINMAN
626 RXR Plaza
Uniondale, NY 11556-06265
Telephone:  (516) 522-2621
Facsimile:  (888) 522-1692
E-Mail:  akleinman@kleinmanllc.com

*Attorneys for Plaintiff, Marilyn Surkin, and all
others similarly situated.*

-16-

# EXHIBIT "A"

## Riexinger & Associates, LLC
### *Attorneys at Law*
P. O. Box 956188
Duluth, GA 30095-9504
(800) 713-7780



| | | 08/02/2012 |

File No.:      912500
Account #:     57744219827▮
Current Balance:  $1,845.31

Dear Annmarie Avila:

The firm of Riexinger & Associates, LLC is a law firm representing CROWN ASSET MANAGEMENT, LLC, the current creditor of the above referenced account which originated with WELLS FARGO. In this regard, the above referenced matter has been placed with us for collection and such action as necessary to protect our client.

At this time, no attorney with this firm has personally reviewed the particular circumstances of your account. However, if you fail to contact this office, our client may consider additional remedies to recover the balance due.

If you have any questions regarding this matter, please contact this office at 678-205-1597 or toll free at 800-713-7780 between the hours of 8:00 A.M. and 8:00 P.M. on Monday through Friday.

CONSUMER NOTICE PURSUANT TO 15 U.S.C. SECTION 1692(G)

You are hereby given notice of the following information concerning the above referenced debt: 1. Unless, within 30 days after receipt of this notice you dispute the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the creditor and by this Firm. 2. If you notify us in writing within said 30 days that the debt, or any portion thereof, is disputed, we will obtain verification of the debt, or a copy of any judgment against you, and we will mail such verification to you. 3. In addition, upon your written request within said 30 days, this Firm will provide the name and address of the original creditor if the original creditor is different from the current creditor. 4. This firm is attempting to collect a debt on behalf of the creditor and any information obtained will be used for that purpose. YOUR RIGHTS UNDER FEDERAL LAW TO REQUEST VERIFICATION OF YOUR OBLIGATION TO OUR CLIENT WITHIN 30 DAYS MUST BE ASSERTED IN WRITING AND IS NOT AFFECTED BY OUR REQUEST THAT YOU CONTACT OUR OFFICE BY TELEPHONE.

Sincerely,

Stephen P. Riexinger
Attorney at Law
Riexinger & Associates, LLC

Riexinger & Associates, llc is acting as a debt collector and this is a communication from a debt collector, as defined by U.S.C. 1692 (A)(6). This is an attempt to collect a debt and any information obtained will be used for that purpose.
**PLEASE REFER ALL CORRESPONDENCE TO RIEXINGER & ASSOCIATES, LLC**

---

Detach and return below portion with payment

Riexinger & Associates, LLC
P.O. Box 956188        005770
Duluth, GA 30095-9504

File Number:   912500

Visa [ ] MasterCard [ ]
Card Holder Name: _____
Card Holder Signature: _____
CREDIT CARD NO.

EXPIRATION DATE    PAYMENT AMOUNT
          $

REMIT TO:

Riexinger & Associates, LLC
P.O. Box 956188
Duluth, GA 30095-9504

**Pay your bill online for FREE at www.riexingerlaw.com**

37821***AUTO**MIXED AADC 350
Annmarie Avila        ##27
25 Saint Marks Ave
Rockville Centre NY  11570-4244

Name:      Annmarie Avila
Account #:    57744219827▮
Current Balance:  $1,845.31

0000 1  05-05