UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
ANNMARIE AVILA, an individual; on behalf of herself
and all others similarly situated,

                       Plaintiffs,

    - against -

RIEXINGER & ASSOCIATES, LLC, a Georgia Limited
Liability Company; CROWN ASSET MANAGEMENT,
LLC, a Georgia Limited Liability Company; STEPHEN
P. RIEXINGER, Individually and in His Official
Capacity; and, JOHN AND JANE DOES NUMBERS 1
THROUGH 25,

                       Defendants.
---------------------------------------------------------------X

                                  13 Civ 4349 (RJD)(LB)

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT PURSUANT TO RULE 12(b)(6), FED. R. CIV. P.

LANDMAN CORSI BALLAINE & FORD P.C.
Attorneys for Defendants
Riexinger & Associates, LLC, Crown Asset
Management, LLC and Stephen P. Riexinger
120 Broadway, 27th Floor
New York, New York 10271-0079
(212) 238-4800

Of Counsel:

Daniel S. Moretti, Esq.
Jennifer A. Ramme, Esq.

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ..................................................................................ii

STATEMENT OF FACTS ..................................................................................2

STANDARD OF REVIEW ..................................................................................3

ARGUMENT ..................................................................................4

    POINT I      PLAINTIFF FAILS TO STATE A CLAIM AGAINST
               DEFENDANTS UNDER THE FDCPA....................................4

        i.     Section 1692e(2)(A) Claim.................................................5

        ii.     Section 1692e(3) Claim ...................................................5

        iii.    Section 1692e(5) Claim ...................................................6

        iv.    Section 1692e(10) Claim ..................................................7

        v.     Section 1692f Claim .........................................................8

        vi.    Section 1692g Claim.........................................................11

        vii.   Section 1692j Claim.........................................................13

    POINT II    PLAINTIFF FAILS TO STATE A CLAIM AGAINST
               DEFENDANTS UNDER NEW YORK GENERAL
               BUSINESS LAW § 349...........................................16

    POINT III   PLAINTIFF FAILS TO STATE A CLAIM AGAINST
               DEFENDANTS UNDER NEW YORK GENERAL
               OBLIGATIONS LAW § 5-501 .................................18

    POINT IV   PLAINTIFF FAILS TO STATE A CLAIM
               AGAINST DEFENDANTS UNDER RICO ............................20

    CONCLUSION...................................................................................23

## TABLE OF AUTHORITIES

**Page(s)**

CASES

*Ashcroft v. Iqbal,*
556 U.S. 662 (2009) ...............................................................................3, 4, 12, 17

*Bell Atl. Corp. v. Twombly,*
550 U.S. 554 (2007) ........................................................................................4

*Bentley v. Great Lakes Collection Bureau,*
6 F.3d 60 (2d Cir. 1993)...................................................................................7

*Berrios v. Sprint Corp.,*
No. 97-0081, 1998 WL 199842 (E.D.N.Y. Mar. 16, 1998)....................................17

*Boos v. Runyon,*
201 F.3d 178 (2d Cir. 2000)...............................................................................9

*Clomon v. Jackson,*
988 F.2d 1314 (2d Cir. 1993)...........................................................................4

*Commercial Cleaning Servs., LLC v. Collins Serv. Sys., Inc.,*
271 F.3d 374 (2d Cir. 2001).........................................................................20, 21

*Franceschi v. Mautner–Glick Corp.,*
22 F. Supp .2d 250 (S.D.N.Y. 1998).............................................................13, 14

*Gershon v. Hertz Corp.,*
626 N.Y.S.2d 80 (1995) ..................................................................................16

*Goshen v. Mutual Life Ins. Co.,*
1997 WL 710669 (N.Y. Sup. Ct. 1997)..............................................................16

*Greco v. Trauner, Cohen & Thomas L.L.P.,*
412 F.3d 360 (2d Cir. 2005)...........................................................................5, 6

*Hecht v. Commerce Clearing House, Inc.,*
897 F.2d 21 (2d Cir. 1990).............................................................................20

*Herzlinger v. Nichter,*
No. 09-0192, 2011 WL 1434609 (S.D.N.Y. Feb. 9, 2011).....................................8

*In re Integrated Res., Inc. Real Estate Ltd. P'ships Sec. Litig.,*
851 F. Supp. 556 (S.D.N.Y. 1994) .................................................................18

*Innotex Precision Ltd. v. Horei Image Products, Inc.,*
   679 F. Supp. 2d 1356 (N.D. Ga. 2009) ................................................................15

*Intima-Eighteen, Inc. v. A.H. Schreiber Co.,*
   172 A.D.2d 456, 568 N.Y.S.2d 802 (1st Dep't 1991) ...........................................19

*Kassner v. 2nd Ave. Delicatessen, Inc.,*
   496 F.3d 229 (2d Cir. 2007) ...................................................................................4

*Kupferstein v. RCS Centre Corp.,*
   No. 03-1497, 2004 WL 3090582 (E.D.N.Y. Aug. 11, 2004) .................................12

*Litle v. Arab Bank, PLC,*
   507 F. Supp. 2d 267 (E.D.N.Y. 2007) .................................................................9, 10

*Maersk, Inc. v. Neewra, Inc.,*
   687 F. Supp. 2d 300 (S.D.N.Y. 2009) ...................................................................22

*Makowski v. United Brotherhood of Carpenters & Joiners of Am.,*
   No. 08-6150, 2010 WL 3026510 (S.D.N.Y Aug. 2, 2010) ...............................20, 21

*Manfra, Tordella & Brookes, Inc. v. Bunge,*
   794 F.2d 61 (2d Cir. 1986) ....................................................................................18

*Miller Planning Corp. v. Wells et al.,*
   253 A.D.2d 859, 678 N.Y.S.2d 340 (2d Dep't 1998) ............................................18

*Nichols v. Frederick J. Hanna & Associates, PC,*
   760 F. Supp. 2d 275 (N.D.N.Y. 2011) ....................................................................7

*Ortho Pharmaceutical Corp. v. Cosprophar, Inc.,*
   32 F.3d 690 (2d Cir. 1994) ...................................................................................16

*Pearl v. City of Long Beach,*
   296 F.3d 76 (2d Cir. 2002) ......................................................................................9

*Pifko v. CCB Credit Services, Inc.,*
   No. 09-3057, 2010 WL 2771832 (E.D.N.Y. July 7, 2010) ................................5, 11

*Pipiles v. Credit Bureau of Lockport, Inc.,*
   886 F.2d 22 (2d Cir. 1989) ......................................................................................7

*Quereshi v. Countrywide Home Loans, Inc.,*
   No. 09-4198, 2010 WL 841669 (N.D. Cal. March 10, 2010) .................................21

*RMS Titanic, Inc. v. Zaller,*
   No. 13-0625, 2013 WL 5675523 (N.D. Ga. Oct. 17, 2013) ..................................15

*Rumpler v. Phillips & Cohen Associates, Ltd.,*
219 F. Supp. 2d 251 (E.D.N.Y. 2002) ...................................................................13

*Russell v. Equifax,*
74 F.3d 30 (2d Cir. 1996)..........................................................................................4

*Scantek Med., Inc. v. Sabella,*
582 F. Supp. 2d 472 (S.D.N.Y. 2008).....................................................................19

*Smith v. McGinnis,*
208 F.3d 13 (2d Cir. 2000).........................................................................................9

*Snyder v. U.S. Equities Corp.,*
No. 12-6092, 2014 WL 317189 (W.D.N.Y. Jan. 28, 2014).....................................22

*State Farm Mut. Auto. Ins. Co. v. CPT Med. Servs., P.C.,*
375 F. Supp. 2d 141 (E.D.N.Y. 2005) ....................................................................20

*Wade v. Rosenthal, Stein & Associates, LLC,*
No. 11-5672, 2012 WL 3764291 (E.D.N.Y. Aug. 29, 2012) ..................................10

*Weiss v. Zwicker & Assocs.,*
664 F. Supp. 2d 214 (E.D.N.Y. 2009) ....................................................................12

*Woods v. Sieger, Ross & Aguire, LLC,*
No. 11-5698, 2012 WL 1811628 (S.D.N.Y. May 18, 2012) ...................................16

*World Wrestling Federation v. Jakks Pac., Inc.,*
530 F. Supp. 2d 486 (S.D.N.Y. 2007).................................................................20, 21

*Zoo Holdings, LLC v. Clinton,*
11 Misc.3d 1051(A), 814 N.Y.S.2d 893 (N.Y. Sup. Ct. 2006)................................19

**STATUTES**

15 U.S.C. § 1692, et seq.............................................................................................1

15 U.S.C. § 1692e ..........................................................................................4, 5, 6, 7, 8

15 U.S.C. § 1692f ...........................................................................4, 8, 9, 10, 11, 12, 13

15 U.S.C. § 1692g ...............................................................................4, 11, 12, 13

15 U.S.C. § 1692j ...............................................................................................4, 13, 14

15 U.S.C. § 1692k ...................................................................................................4, 8

18 U.S.C. § 1961, et seq. ............................................................................................1

18 U.S.C. § 1962 ..................................................................................20, 21, 22

18 U.S.C. § 1964 ..........................................................................................20

New York's Banking Law § 14a(1) ...............................................................18

New York General Business Law § 349 ...............................................1, 16, 17

New York General Obligations Law § 501 ..............................................1, 18

New York Penal Law § 190.40 and 190.42 ...........................................18, 19

**OTHER AUTHORITIES**

Fed. R. Civ. P. Rule 9(b) ...............................................................................13

Fed. R. Civ. P. Rule 12(b)(6) .....................................................................1, 3

## PRELIMINARY STATEMENT

Defendants Riexinger & Associates, LLC (""Riexinger LLC"), Crown Asset Management, LLC ("Crown Asset") and Stephen P. Riexinger ("Riexinger") (collectively, "Defendants")  respectfully submit this memorandum of law in support of their motion to dismiss Plaintiff's first amended complaint against Defendants, with prejudice, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

The amended complaint of Plaintiff Annmarie Avila ("Plaintiff" or "Avila"), who purports to proceed on behalf of a class, asserts four causes of action against Defendants based on: (1) the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.* ("FDCPA" or the "Act"); (2) New York General Business Law ("New York GBL") § 349; (3) New York General Obligations Law ("New York GOL") § 501; and (4) the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961, *et seq.* ("RICO"). *See* Amended Complaint, docket entry ("DE") No. 23. Although Avila served this amended pleading in an effort to cure deficiencies in her initial complaint, which were brought to her attention by Defendants in a pre-motion conference, her amended complaint fails in every respect to state a claim upon which relief may be granted against any of the Defendants.  *See* Complaint, Defendants' Letter Motion for Pre-Motion Conference and Amended Complaint, DE Nos. 1, 17 and 23, respectively.

In addition, Plaintiff's amended complaint does not merely suffer from technical deficiencies that can be cured. Further amendment would be futile. Plaintiff simply does not have any viable claim to assert against the Defendants.

## STATEMENT OF FACTS

Plaintiff's entire action – now embodied in a four-count amended complaint consisting of 232 paragraphs – rests on a single debt collection letter she allegedly received on August 2, 2012 (the "debt collection letter"). *See* Amended Complaint, Exhibit A, DE No. 23, at 47.[1] The debt collection letter, sent on Riexinger LLC letterhead, which concerns an outstanding financial obligation that originated with Wells Fargo, states in pertinent part, as follows:

File no:                91____
Account #:          577442198277_____
Current Balance:   $1,845.31

Dear Annmarie Avila,

The firm of Riexinger & Associates, LLC is a law firm representing CROWN ASSET MANAGEMENT, LLC, the current creditor of the above referenced account which originated with WELLS FARGO. In this regard, the above referenced matter has been placed with us for collection and such action as necessary to protect our client.

At this time, no attorney with this firm has personally reviewed the particular circumstances of your account. However, if you fail to contact this office, our client may consider additional remedies to recover the balance due.

If you have any questions regarding this matter, please contact this officer at 678-205-1597 or toll free at 800-713-7780 between the hours of 8:00 A.M. and 8:00 P.M. on Monday through Friday.

. . . .

Sincerely,

[no signature]

Stephen P. Riexinger
Attorney at Law
Riexinger & Associates, LLC

Riexinger & Associates, LLC is acting as a debt collector and this is a communication from a debt collector, as defined by 15 U.S.C. § 1692(A)(6). This

---

[1]  All references herein to paragraphs of the amended complaint will include a cite to the specific page or pages, which appears at the top of the e-filed amended complaint found at DE No. 23.

is an attempt to collect a debt and any information obtained will be used for that purpose.

*See* Amended Complaint, Exhibit A, DE No. 23 at 47.

Plaintiff does not (and cannot) allege that she made any payments of any kind after receiving this letter. She does not (and cannot) allege she received any further communication from any Defendant -- or that she instituted any communication with a Defendant -- regarding either the letter or the debt described therein. Nor does she (or can she) allege that Defendants took any other action against her regarding the debt. And Plaintiff does not deny that she was in default on the debt described. *See generally* Amended Complaint.

In addition, Plaintiff does not allege any facts showing that she sustained any monetary loss, or suffered any other concrete economic damage, as a result of this single debt collection letter. *See* Amended Complaint, DE No. 23. Moreover, although Avila alleges Defendants sought to collect a usurious rate of interest on her debt (which is not so), she does not (and cannot) allege to have paid any of this supposed excessive interest.

## STANDARD OF REVIEW

In order to survive a motion to dismiss pursuant to Rule 12(b)(6), a complaint must plead sufficient factual allegations "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("*Iqbal*") (citation omitted), *quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007) ("*Twombly*"). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal,* 556 U.S. at 678 (citation omitted). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility

and plausibility of entitlement to relief." *Id.* (internal quotation marks and citation omitted). If the plaintiff has not "nudged [his] claims across the line from conceivable to plausible, [the] complaint must be dismissed." *Twombly*, 550 U.S. at 570.

The Court must to accept all well-pleaded factual allegations in the complaint as true and draw all reasonable factual inferences in Plaintiff's favor. *Kassner v. 2nd Ave. Delicatessen, Inc.*, 496 F.3d 229, 237 (2d Cir. 2007). But Plaintiff cannot rely on labels and conclusions or threadbare recitals that merely parrot the elements of a cause of action. *Iqbal*, 556 U.S. at 678.

## ARGUMENT

### POINT I

### PLAINTIFF FAILS TO STATE A CLAIM
### AGAINST DEFENDANTS UNDER THE FDCPA

Congress enacted the FDCPA to eradicate abusive debt collection practices by debt collectors. *See Russell v. Equifax*, 74 F.3d 30, 33 (2d Cir. 1996). To further this purpose, the FDCPA grants a private right of action to consumers who receive communications that violate the Act. 15 U.S.C. § 1692k. In the Second Circuit, courts use the "least sophisticated consumer" test, in determining whether debt collection letters are deceptive or misleading and, therefore, violate the FDCPA. *Clomon v. Jackson*, 988 F.2d 1314, 1318–19 (2d Cir. 1993). The purpose of this standard is to "ensure that the FDCPA protects all consumers, the gullible as well as the shrewd." *Id.*, 988 F.2d at 1318. The test also serves the dual purpose of protecting all consumers while also "protect[ing] debt collectors against liability for bizarre or idiosyncratic interpretations of collection notices." *Id.*, 988 F.2d at 1320.

Plaintiff alleges that the debt collection letter she received violates §§ 1692e, 1692f, 1692g and 1692j of the FDCPA. However, her self-serving allegations are deficient as a matter of law. For the reasons set forth below, the Plaintiff has failed to plead any viable FDCPA claim.

### i.   Section 1692e(2)(A) Claim

Section 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt. 15 U.S.C. § 1692e(2)(A). Accordingly, in order to prevail on a claim under § 1692e(2)(A), a plaintiff must be able to show that the defendant has misrepresented the amount of the debt. *See Pifko v. CCB Credit Services, Inc.*, No. 09-3057, 2010 WL 2771832, at *5 (E.D.N.Y. July 7, 2010).

Plaintiff has not alleged that the total amount of the debt owed (*i.e.*, the current balance) was misrepresented in the debt collection letter she received.   Instead, she alleges that § 1692e(2)(A) was violated because the debt collection letter fails to indicate that her debt may increase due to interest. *See* Amended Complaint, ¶¶ 98-99, 108-110 at 16-19.  Those allegations are insufficient to state a claim under § 1692e(2)(A).  *See Pifko*, 2010 WL 2771832, at *5 (finding no violation of Section 1692e(2)(A) where plaintiff merely claimed the debt collection letter at issue failed to state that the debt may increase due to interest or other charges).[2]

### ii.   Section 1692e(3) Claim

Under the FDCPA, an attorney may participate in the debt collection process, but the attorney cannot mislead the debtor regarding the level of attorney involvement in the debt collection process. *See* 15 U.S.C. § 1692e(3) (prohibiting the "false representation or implication that any individual is an attorney or that any communication is from an attorney"); *Greco v. Trauner, Cohen & Thomas L.L.P.*, 412 F.3d 360, 364 (2d Cir. 2005) ("*Greco*").  In other words, an attorney who is not meaningfully involved in the collection process may send a debt collection letter, "so long as that letter includes *disclaimers* that [] make clear to the 'least

---

[2]  Plaintiff may also contend that § 1692e(2)(A) is violated because, contrary to what the debt collection letter expressly states, Crown Asset was purportedly acting as a debt collector, not a creditor.  *See* Amended Complaint, ¶¶ 39-40, 95-96 at 7 and 16.  There are simply no factual allegations to support this naked (and false) assertion. *See* discussion of Plaintiff's § 1692g claims, *infra*.

sophisticated consumer' that the law firm or attorney sending the letter is not, at the time of the letter's transmission, acting as an attorney." *Id.* (holding no violation of § 1692e(3) when the letter contained a clear disclaimer, *i.e.* "[a]t this time, no attorney with this firm [which represents the creditor] has personally reviewed the particular circumstances of your account").

Plaintiff claims the debt collection letter she received violates § 1692e(3) because the letter was on Riexinger LLC's letterhead with Stephen P. Riexinger's signature block, thereby giving the impression the letter was authored and directed to be sent by an attorney, when (allegedly) the letter was sent "without any meaningful attorney review or involvement" prior to the mailing of the letter. *See* Amended Complaint, ¶¶ 57, 59, 62 and 78 at 9-10 and 13.

The debt collection letter, however, contains an express disclaimer (*identical* to the disclaimer in *Greco*), which provides "[a]t this time, no attorney with this firm has personally reviewed the particular circumstances of your account." *See* Amended Complaint, Exhibit A at 47. Nothing else in the letter confuses or contravenes this disclaimer of attorney involvement. Thus, here, as in *Greco*, ". . . the least sophisticated consumer, upon reading [the debt collection letter], must be taken to understand that no attorney has yet evaluated . . . her case, or made recommendations regarding the validity of the creditor's claims." *See Greco*, 412 F.3d at 364.

In sum, because the letter is not false, deceptive, or misleading, regarding the level of attorney involvement, Plaintiff's claim under § 1692e(3) must be dismissed as a matter of law. *See Greco*, 412 F.3d at 364 (holding a debt collection letter containing the identical disclaimer failed to violate §§ 1692e and 1692e(3) of the FDCPA).

### iii.    Section 1692e(5) Claim

Section 1692e(5) prohibits "[t]he threat to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5). Accordingly, for there to be a violation, it

must be determined whether the defendant *actually threatened* to take action and, if so, whether the defendant *could have legally taken* such action. *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60, 62 (2d Cir. 1993). Moreover, the threatened legal action must be "authorized, likely and imminent." *Id.* In other words, the language of the communication, as a whole, must leave the unsophisticated reader with the impression that "some type of legal action has already been or is about to be initiated and can be averted from running its course only by payment." *Pipiles v. Credit Bureau of Lockport, Inc.*, 886 F.2d 22, 25 (2d Cir. 1989).

Here, the letter contains absolutely no mention of litigation, or any other terms threatening a legal action, let alone suggesting a legal action was imminent. *See* Amended Complaint, Exhibit A at 47. Viewing the debt collection letter as a whole, even the least sophisticated consumer could not reasonably interpret it to have been a threat of "authorized, likely and imminent" litigation. *See Bentley*, 6 F.3d at 62.

Nor does the debt collection letter contain a threat to take action that could not legally have been taken. Although Plaintiff alleges that no attorney at Riexinger LLC was licensed to practice law in the state of New York, it is entirely possible that one of the law firm's "additional remedies" was to retain a licensed New York attorney. *See Nichols v. Frederick J. Hanna & Associates, PC*, 760 F. Supp. 2d 275, 280 (N.D.N.Y. 2011) (finding the same language contained in the debt collection letter at issue here, by attorneys not admitted to practice law in New York, failed to state a claim under section 1692e(5)). Consequently, Plaintiff has failed to state a claim under § 1692(e)(5) of the FDCPA.

### iv.     Section 1692e(10) Claim

Plaintiff also claims that the debt collection letter violates § 1692e(10) of the FDCPA, which generally prohibits "the use of any false representation or deceptive means to collect or

attempt to collect any debt." Notably, the Plaintiff's claim under § 1692e(10) is not any different from her claims under §§ 1692e(2),(3) and (5) and, therefore, all of these claims under 1692e must "suffer the same fate." *See Herzlinger v. Nichter*, No. 09-0192, 2011 WL 1434609, at *6 (S.D.N.Y. Feb. 9, 2011) (*citing Kapeluschnik v. Leschack & Grodensky, P.C.*, No. 96–2399, 1999 WL 33973360, at * 9 (E.D.N.Y. Aug. 26, 1999) (finding no violation of §§1692e(3), (5), and (10) for the same reasons)).

For the same reason, Plaintiff cannot succeed by trying to allege a generic violation of §1692e – that is, a claim under this section somehow separate from the purported violations of § 1692e(2), (3), (5) and (10). Defendants have already explained above why there is nothing false, deceptive and/or misleading about the debt collection letter at issue. *See* 15 U.S.C. § 1692e ("a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt"). Consequently, the Plaintiff's claims under §1692e, including, but not limited to § 1692e(10), are all subject to dismissal.

### v.   Section 1692f Claim

Plaintiff claim Defendants violated §1692f and f(1), which concerns an "unfair or unconscionable means" of collecting on a debt, by contending they attempted to collect interest not expressly authorized by any agreement between her and Defendants, or otherwise permitted by law. *See* Amended Complaint, ¶¶ 145-46 at 26-27. Plaintiff's claims under § 1692f, however, are time-barred, and they, in any event, fail to state a viable claim as a matter of law.

The statute of limitations for claims brought under the FDCPA is one year. 15 U.S.C. § 1692k(d) ("An action to enforce any liability created by this title [i.e., the FDCPA] may be brought ... within one year from the date on which the violation occurs."). Thus, Plaintiff had

one year from receipt of the debt collection letter in August of 2012 (when she was advised of her "current balance") to bring this specific claim.  She failed to do so.

In plaintiff's amended complaint, she appears to acknowledge, if not concede, that this claim is time-barred.  She tries to justify her tardy assertion of a §1692f claim by alleging that she was not aware, and through reasonable diligence could not have been aware that defendants were attempting to collect interest and/or usurious interest on her debt, purportedly because "these facts were known only to the Defendants . . . and were concealed by them until October 29, 2013 the date the Plaintiff could have first known he [sic] was injured . . . []." *See* Amended Complaint, ¶¶ 93-94 at 15-16.  Clearly, Plaintiff is attempting to argue that the FDCPA's one-year statute of limitation for this claim should be equitably tolled.

However, it is well-settled that equitable tolling applies only in the rare and exceptional circumstances, *Smith v. McGinnis,* 208 F.3d 13, 17 (2d Cir. 2000), and the "burden of demonstrating the appropriateness of equitable tolling . . . lies with the plaintiff," *Boos v. Runyon,* 201 F.3d 178, 185 (2d Cir. 2000). In the Second Circuit, the doctrine will be applied "as a matter of fairness where a plaintiff has been prevented in some extraordinary way from exercising his rights," *Pearl v. City of Long Beach,* 296 F.3d 76, 85 (2d Cir. 2002) (internal quotations omitted), which means "a situation where a plaintiff 'could show that it would have been *impossible* for a reasonably prudent person to learn' about his or her cause of action." *Id.* (quoting *Miller v. Int'l Telephone & Telegraph Corp.,* 755 F.2d 20, 24 (2d Cir. 1985) (emphasis in original)); *see Litle v. Arab Bank, PLC,* 507 F. Supp. 2d 267, 276 (E.D.N.Y. 2007).

Accordingly, where, as here, fraudulent concealment is offered as the basis for equitable tolling, the plaintiff is required to establish that (1) the defendant wrongfully concealed material facts relating to its wrongdoing; (2) the concealment prevented plaintiff's discovery of the nature

9

of the claim within the limitations period; and (3) the plaintiff exercised due diligence in pursuing the discovery of the claim during the period they seek to have tolled. *Litle*, 507 F. Supp. 2d at 276 (citing *Corcoran v. New York Power Auth.*, 202 F.3d 530, 543 (2d Cir. 1999) and *State of N.Y. v. Hendrickson Bros., Inc.*, 840 F.2d 1065, 1083 (2d Cir.1988)).

Plaintiff has pleaded no facts to establish these elements. Rather, the Plaintiff merely contends, in conclusory fashion, that the Defendants concealed information from her regarding the interest sought to be collected, and that she could not have discovered this prior to October 2013. The amended complaint utterly fails to offer any explanation as to why the amount of interest being collected could not have been discovered any earlier (*i.e.*, within the one year limitations period). And, unsurprisingly, the amended complaint is devoid of facts reflecting any efforts undertaken by Plaintiff to ascertain the nature of the interest being charged. In addition to these obvious deficiencies, the Plaintiff also does not even allege that the Defendants' alleged concealment of this purported information concerning her interest rate was wrongful – which she must allege in order to state a fraudulent concealment claim. Consequently, these glaring deficiencies preclude her from taking advantage of the doctrine of equitable tolling. *See Wade v. Rosenthal, Stein & Associates, LLC*, No. 11-5672, 2012 WL 3764291 (E.D.N.Y. Aug. 29, 2012). Accordingly, Plaintiff's § 1692f claims must be dismissed as time-barred.

In any event, Plaintiff's § 1692f claims fail as a matter of law because she has not established that the interest purportedly being charged on her debt was impermissible or otherwise in violation of New York state law. Indeed, as will be discussed in Point III, *infra*, Plaintiff cannot establish that the interest allegedly being charged on the debt at issue violates any of New York's usury statutes.

For all of these reasons, Plaintiff has failed to state a claim under § 1692f and f(1) of the FDCPA. There was nothing "unfair or unconscionable" about the manner in which the Defendants sought to collect Plaintiff's debt.

**vi.    Section 1692g Claim**

Section 1692g of the FDCPA requires debt collectors, in their initial communication with the consumer, *inter alia*, to (1) identify the amount of the debt, (2) identify the name of the creditor to whom the debt is owed, and (3) provide a statement that "unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector." *See* 15 U.S.C. § 1692g(a)(1)-(3). Plaintiff claims that the debt collection letter fails to comport with these requirements. These contentions are legally unavailing.

First, the debt collection letter expressly sets forth the amount of the debt, *i.e.* "Current Balance: $1,845.31", at both the top of the letter *and*, *again*, on the bottom of the letter (on the portion of the letter to be detached and returned with payment to Riexinger LLC). The letter contains no other information that might remotely be viewed as inconsistent with this unambiguous current balance statement.   Undaunted, Plaintiff appears to claim the letter is deceptive in that it does not disclose that this identified balance was accruing interest, which defendants would later attempt to collect. *See* Amended Complaint, ¶¶ 98, 110-12 at 16 and 19. However, under § 1692g(1), Riexinger LLC was only obligated to clearly state the amount of debt *presently due*.   The debt collection letter at issue makes clear that Riexinger LLC fulfilled that legal obligation. *See Pifko*, 2010 WL 2771832, at *3 (finding no violation of § 1692g where the debt collection letters at issue stated "Total Amount Due" or "Total Balance Due", and rejecting Plaintiffs' contentions that any additional language was necessary as such arguments

were based on a "clear misinterpretation of the FDCPA'S requirements"); *see also Weiss v. Zwicker & Assocs.*, 664 F. Supp. 2d 214, 217 (E.D.N.Y. 2009) ("[T]here is nothing confusing or misleading about the increased amount of debt stated in the ... [l]etter as even the most unsophisticated consumer would understand that credit card debt accrues interest.").

Second, the debt collection letter clearly states the name of the creditor to whom the debt is owed, as required under § 1692g(2).  In fact, the first sentence of the debt collection letter states: "The firm of Riexinger & Associates, LLC is a law firm representing CROWN ASSET MANAGEMENT, LLC, *the current creditor* of the above-referenced account which originated with Wells Fargo." *See* Amended Complaint, Exhibit A at 47 (emphasis added).

In the face of this unambiguous disclosure, Plaintiff claims that Defendants violated § 1692g(2) because, according to Plaintiff, she "is *informed and believes*, and on that basis alleges, that the statement in the 8/2/12 letter [the debt collection letter] that 'CROWN ASSET MANAGEMENT, LLC the current creditor is false . . .  and that 'CROWN ASSET MANAGEMENT, LLC' is not the 'current creditor' of the Wells Fargo Obligation." *See* Amended Complaint ¶¶ 95-96, at 16.  In other words, Plaintiff is alleging upon information and belief that the debt collection letter falsely states that Crown Asset Management, LLC is the current creditor of the debt (in violation of § 1692g).  Notably, however, Plaintiff fails to offer a single facts to support her supposed "information and belief" that the debt collection letter has falsely identified Crown Asset Management as the current creditor. Consequently, these bald conclusory assertions are insufficient to state a claim under § 1692g(2) of the FDCPA.  *See Iqbal,* 556 U.S. 679; *see also Kupferstein v. RCS Centre Corp.*, No. 03-1497, 2004 WL 3090582, at *2 (E.D.N.Y. Aug. 11, 2004)  (dismissing plaintiff's FDCPA claims, based on a false representation in a debt collection letter, because plaintiff's allegations were pled on

"information and belief" and which failed to satisfy the pleading requirement under Fed. R. Civ. P. Rule 9(b), requiring that such claims "be stated with particularity").[3]

Third, the debt collection letter clearly contains the requisite statutory language, *see* 15 U.S.C. § 1692g(a)(3), as it provides: "Unless within, 30 days of receipt of this notice you dispute the validity of the debt, or any portion thereof, the debt will assumed to be valid by the creditor and by this Firm." *See* Amended Complaint, Exhibit A, at 47. The letter further states that Riexinger LLC is acting as a debt collector. *Id.* Despite the fact the letter contains the requisite statutory language, the Plaintiff makes the spurious claims that § 1692g(a)(3) was violated because the letter also provides that the creditor will assume the debt is valid, if not disputed within 30 days. However, a plain reading of section 1692g(a)(3) makes clear that the FDCPA does not prohibit the creditor from also assuming the debt is valid. Thus, there is no legal basis for Plaintiff's § 1692g(a)(3) claim, and, therefore, this claim must be dismissed.

**vii.** **Section 1692j Claim**

Section 1692j provides that "[i]t is unlawful to design, compile, and furnish any form knowing that such form would be used to create the false belief in a consumer that a person other than the creditor of such consumer is participating in the collection of or in an attempt to collect a debt such consumer allegedly owes such creditor, when in fact such person is not so participating." 15 U.S.C. § 1692j. The purpose of this section is to prevent the abusive practice known as "flat-rating". *Rumpler v. Phillips & Cohen Associates, Ltd.,* 219 F. Supp. 2d 251, 260 (E.D.N.Y. 2002); *Franceschi v. Mautner–Glick Corp.,* 22 F. Supp. 2d 250, 256 (S.D.N.Y. 1998).

---

[3]   As the debt collection letter clearly states, Defendant Crown Asset is the creditor in this matter (by reason of assignment); it is not the debt collector. As a creditor, Crown Asset is not subject to liability for the acts of debt collectors. *See Kolari v. New York–Presbyterian Hosp.*, 382 F. Supp. 2d 562, 573 (E.D.N.Y. 2005), *rev'd in part on other grounds*, 455 F.3d 118 (2d Cir. 2006) (the mere fact that a creditor employs a debt collector to recover its debts does not make the creditor vicariously liable for the acts of the debt collector).

A flat-rater is one who sells to creditors "dunning letters" bearing the letterhead of the flat-rater's collection agency and extorting the debtor to pay the creditor at once. *Franceschi,* 22 F. Supp. 2d at 256 (quoting *S.Rep. No. 95–382* (1977), *reprinted in* 1977 U.S.C.C.A.N. 1695, 1699). The flat-rater merely sells the dunning letters and is not in the debt collection business. After purchasing these letters, the creditor sends them to his debtor in order to give the false impression of the existence of a third party debt collector and to instill a sense of urgency in the debtor. *Id,* 22 F. Supp. 2d at 256.

As an initial matter, Plaintiff appears to be claiming that Mr. Riexinger and Riexinger LLC, engaged in "flat-rating" activities in violation of the 1692j. *See* Amended Complaint, ¶ 118 at 20 (alleging  Crown Asset pays Riexinger LLC and Mr. Riexinger a modest fee "for its renting of their law firm letterhead to send plaintiff and other similarly situated consumers" debt collection letters).  Yet, the Plaintiff also alleges that Riexinger LLC and Mr. Riexinger are debt collectors.  *See id.*, at ¶¶ 44-49 at 8-9.  These latter allegations are fatal to Plaintiff's claim because, as outlined above, if a party is involved in the debt collection process, it cannot also be a "flat-rater." Therefore, no violation of § 1692j has occurred.

It appears that Plaintiff is also claiming a violation of 1692j on the grounds that Crown Asset and Riexinger LLC are in essence one and the same entity, and therefore, that the debt collection letter gives the false impression that someone other than the creditor is participating in the debt collection process. In support of this claim, Plaintiff has (once again) alleged *on information and belief*, that: (1) defendants are mere alter egos of one another (sharing the same resources, equipment, mailing address, office space and personnel), (2) Crown Asset Management is responsible for the printing and mailing of the debt collection letter, and (3) there existed a principal-agent relationship between Crown Asset Management and Riexinger LLC

14

and Mr. Riexinger. *See* Amended Complaint, ¶¶ 115-121, at 19-20. As a result, it appears that Plaintiff is seeking to pierce the corporate veil of these two entities as her excuse for trying to treat these distinct Defendants as one entity for the purpose of finding a violation of § 1692j.

Crown Asset and Riexinger LLC are (correctly) alleged to be limited liability companies existing pursuant to the laws of, and principally based in, the State of Georgia. *See* Amended Complaint, ¶¶ 16-17, 19-20, at 4-5. Accordingly, the Court should apply Georgia law to determine if and when the corporate veil of these two separate corporate entities may be pierced.

To establish the alter ego doctrine under Georgia law, a plaintiff must show that (1) the stockholders' disregard of the corporate entity made it a mere instrumentally for the transaction of their own affairs, (2) there is such a unity of interest and ownership that the separate personalities of the corporation and the owners no longer exist and (3) to adhere to the doctrine of corporate entity would promote injustice or protect fraud. *RMS Titanic, Inc. v. Zaller*, No. 13-0625, 2013 WL 5675523, at *7 (N.D. Ga. Oct. 17, 2013) (quoted citation omitted). Plaintiff must show the owner abused the corporate form by commingling funds on a interchangeable or joint basis or confusing otherwise separate properties, records or control. *Id.* Plaintiff's conclusory allegations in support of this claim, pled on information and belief, amount to threadbare allegations that are legally insufficient to satisfy these requirements. *See Innotex Precision Ltd. v. Horei Image Products, Inc.*, 679 F. Supp. 2d 1356, 1358 (N.D. Ga. 2009) (citing *Iqbal*, 556 U.S. at 678-79) (finding conclusory allegations, plead on information and belief, simply reiterating factors considered in determining whether to pierce the corporate veil,

insufficient to state a claim for piercing the corporate veil).  As Plaintiff's alter ego allegations are plainly deficient, Plaintiff's claim under § 1692j must be dismissed.[4]

## POINT II

### PLAINTIFF FAILS TO STATE A CLAIM AGAINST DEFENDANTS UNDER NEW YORK GENERAL BUSINESS LAW § 349

Section 349 of the New York General Business Law provides a private right of action for persons injured by deceptive acts or practices "in the conduct of any business, trade or commerce" in the state. New York GBL § 349(a) and (h). To adequately state a claim under section 349, "a plaintiff must allege: (1) the act or practice was consumer oriented; (2) the act or practice was misleading in a material respect; and (3) the plaintiff was injured as a result." *Woods v. Sieger, Ross & Aguire, LLC,* No. 11-5698, 2012 WL 1811628, at *6 (S.D.N.Y. May 18, 2012) (quoting *Spagnola v. Chubb Corp.,* 574 F.3d 64, 74 (2d Cir.2009).

Section 349 requires a showing that plaintiff's injury be a result of reliance on a materially deceptive act or practice. *See, e.g., Goshen v. Mutual Life Ins. Co.*, 1997 WL 710669, at *12 (N.Y. Sup. Ct. 1997) (dismissing claim because plaintiff could not "allege reliance upon the alleged misrepresentation"); *Gershon v. Hertz Corp.*, 626 N.Y.S.2d 80, 81 (1995) (finding allegations did not show "materially deceptive conduct on which plaintiff relied to his detriment"); *Ortho Pharmaceutical Corp. v. Cosprophar, Inc.*, 32 F.3d 690, 697 (2d Cir. 1994) (dismissing section 349 claim because plaintiff "failed to show that is suffered any injury as a result of . . . advertisements").  While a claimant under § 349 need not plead pecuniary harm,

---

[4]  In addition to the foregoing arguments asserted on behalf of all Defendants concerning Plaintiff's FDCPA claims, the amended complaint fails to state a single viable FDCPA claim against Defendant Crown Asset for the simple reason that Crown Asset *never* communicated with Avila and *never* attempted to collect *any* debt from her.

Plaintiff must allege, at least, some type of harm compensable in a court of law.  *See Berrios v. Sprint Corp.*, No. 97-0081, 1998 WL 199842 (E.D.N.Y. Mar. 16, 1998).

Plaintiff's state law claim under GBL § 349 claim must fail as a matter of law, because she has failed to allege an essential element of the claim – namely, that she was injured by Defendants' actions or she relied upon Defendants alleged misrepresentations to her detriment. Here, Plaintiff alleges that the Defendants' debt collection letter attempted to collect usurious amounts of interest and represented to consumers that the Defendants were entitled to collect such amounts. However, Plaintiff does not offer a single factual allegation to show damages. Rather, she merely asserts a conclusory allegation that "[a]s a result of these violations of NY GBL § 349, Plaintiff has suffered actual and statutory damages of up to $1,000.00, attorney's [sic] fees, and costs as a result of these violations." *See* Amended Complaint, ¶ 192 at 34. Plaintiff fails to allege any monetary, emotional or physical consequences arising from the debt collection letter. She also fails to allege that she abstained from exercising any statutory right that she otherwise would have exercised. Furthermore, Plaintiff does not even allege that she paid any principal or interest to the Defendants (as a result of having received the debt collection letter at issue). In sum, her allegations are patently insufficient. *See Iqbal*, 556 U.S. at 678. No other factual allegations regarding damages stemming from defendants' alleged violation of section 349 are pled.

Therefore, it is clear Plaintiff's claim under New York General Business Law § 349 must be dismissed as a matter of law.[5]

---

[5] Defendants also note that a violation of the FDCPA does not automatically mean there is a violation of New York GBL § 349. *See, e.g.*, *Berrios*, 1998 WL 199842. Among other things, the FDCPA's "least sophisticated consumer" standard is more favorable to a plaintiff than the GBL § 349's "reasonable consumer" standard. *See id.*, at *5.

## POINT III

## PLAINTIFF FAILS TO STATE A CLAIM AGAINST DEFENDANTS UNDER NEW YORK GENERAL OBLIGATIONS LAW § 5-501

Plaintiff alleges the Defendants violated New York GOL § 5-501, *et seq.*, by charging, collecting and/or attempting to collect interest in excess of (1) the civil usury limit of 16% as set forth in New York GOL § 5-501 and New York Banking Law § 14a(1)), and (2) the criminal usury limit of 25% as set forth in New York Penal Law §§ 190.40 and 190.42. These state law claims fail as a matter of law.

With respect to New York's civil usury statutes, the charging of usurious interest on any "loan or forbearance" is prohibited. New York GOL § 5–501(1). However, it is well established that the usury statutes do not apply to defaulted obligations. *See Manfra, Tordella & Brookes, Inc. v. Bunge*, 794 F.2d 61, 63 n. 3 (2d Cir. 1986) ("[U]sury law does not apply to defaulted obligations. Because interest was charged only on [defendant]'s past due debts, the usury laws do not apply.") (citations omitted); *In re Integrated Res., Inc. Real Estate Ltd. P'ships Sec. Litig.*, 851 F. Supp. 556, 565 (S.D.N.Y. 1994) ("Any penalty interest rates or late fees assessed against the Plaintiffs do not constitute usury, since New York's usury statutes do not apply to defaulted obligations."); *Miller Planning Corp. v. Wells et al.*, 253 A.D.2d 859, 678 N.Y.S.2d 340, 341 (2d Dep't 1998) ("the defense of usury does not apply where, as here, the terms of the mortgage and note impose a rate of interest in excess of the statutory maximum only after default or maturity"). Accordingly, insofar as Plaintiff's usury interest claim is based on a purported violation of New York's civil usury statutory provisions, it must be dismissed. She does not and cannot allege that the debt collection letter does not concern a defaulted obligation.

Likewise, Plaintiff's claim based on a violation of New York's criminal usury statutes must also be dismissed.  Under New York's criminal usury statute, N.Y. Penal Law § 190.40, a person is prohibited from knowingly charging interest on a loan at a rate exceeding 25% per annum.  The criminal usury statute, however, does not provide for a private civil cause of action. *See Scantek Med., Inc. v. Sabella*, 582 F. Supp. 2d 472, 474 (S.D.N.Y. 2008).  In fact, in a civil matter, a party is only entitled to assert the *defense* of criminal usury, *i.e.,* when a plaintiff is seeking repayment of a criminal usurious loan from a defendant. *See Intima-Eighteen, Inc. v. A.H. Schreiber Co.,* 172 A.D.2d 456, 568 N.Y.S.2d 802, 804 (1st Dep't 1991) ("The statutory exception for interest exceeding 25 percent per annum is strictly an affirmative defense to an action seeking repayment of a loan.").  Accordingly, in a New York State Supreme Court case seeking a declaratory judgment that securities offerings were void as usurious loans, the court granted defendants' motion to dismiss stating, "[I]nsofar as the complaint seeks affirmative monetary [and declaratory] relief, Plaintiff improperly attempts to use a shield created by the Legislative as a sword." *Zoo Holdings, LLC v. Clinton,* 11 Misc.3d 1051(A), 814 N.Y.S.2d 893, 893 (N.Y. Sup. Ct. 2006).  Thus, it is clear that the Plaintiff cannot bring a civil claim (seeking affirmative relief) based on a violation of New York's criminal usury statutes.

Finally, plaintiff's civil and criminal usury interest claims are subject to dismissal for yet another reason: i.e. because Plaintiff has not sustained any injury.  Plaintiff does not (and cannot) allege any actual payment of the supposed excess interest to the Defendants.  That is because Plaintiff never made any payments to the Defendants.  Accordingly, it is plain that Defendants cannot be called upon to disgorge money they never received.

**POINT IV**

**PLAINTIFF FAILS TO STATE A CLAIM
AGAINST DEFENDANTS UNDER RICO**

In her effort to avert dismissal of her entire action, Plaintiff's amended complaint also alleges that the Defendants have violated the Racketeer Influenced and Corrupt Organizations (RICO) statute, 18 U.S.C. §§1962(b)-(c), by collecting portfolios of and receiving income from "unlawful debts." The alleged "unlawful debts" purportedly carry an interest rate that is more than twice the limit allowed under applicable New York State law. *See* Amended Complaint, ¶¶ 213-224, at 37-39. Her allegations do not – and cannot – satisfy the elements of a RICO claim.

In order to pursue a RICO claim under §1964(c), the Plaintiff must set forth factual allegations that show: (1) the defendant's violation of §1962; (2) an injury to the Plaintiff's business or property; and (3) that the defendants' violation caused the injury. *Commercial Cleaning Servs., LLC v. Collins Serv. Sys., Inc.,* 271 F.3d 374, 380 (2d Cir. 2001); *Makowski v. United Brotherhood of Carpenters & Joiners of Am.*, No. 08-6150, 2010 WL 3026510, at *7 (S.D.N.Y Aug. 2, 2010). She fails to satisfy any of these basic elements.

First, Plaintiff fails to satisfy the basic standing requirement for a RICO claim. Plaintiff is not a "person injured in his business or property by reason of a violation of section 1962." 18 U.S.C. §1964(c); *Hecht v. Commerce Clearing House, Inc.*, 897 F.2d 21, 23 (2d Cir. 1990). The requisite injury must be to property, and not, for example, physical, emotional, or reputational harm. *State Farm Mut. Auto. Ins. Co. v. CPT Med. Servs., P.C.*, 375 F. Supp. 2d 141, 152 (E.D.N.Y. 2005); *World Wrestling Federation v. Jakks Pac., Inc.,* 530 F. Supp. 2d 486, 518 (S.D.N.Y. 2007). Equally important, the injury to property must be concrete, as "'a RICO plaintiff may not recover for speculative losses or where the amount of damages is unprovable.'" *World Wrestling Federation*, 530 F. Supp. 2d at 519, quoting *Trs. Of Plumbers and Pipefitters*

20

*Nat'l Pension Fund v. Transworld Mech., Inc.,* 886 F. Supp. 1134, 1146 (S.D.N.Y. 1995). And the concrete economic injury must have been proximately caused by defendant's racketeering activity. *See Makowski*, 2010 WL 3026510 at *8, quoting *McLaughlin v. Am. Tobacco Co.*, 522 F.3d 215, 226 (2d Cir. 2008). Standing is limited "'to those plaintiffs who allege that the asserted RICO violation was the legal, or proximate, cause of their injury, as well as a logical, or 'but for,' cause.'" *Makowski*, 2010 WL 3026510, at *8, quoting *Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 283-84 (2d Cir. 2006) (additional citations omitted); *see also Commercial Cleaning Servs.*, 271 F.3d at 380. Indeed, RICO has a "remedial purpose," and is designed to "put the injured plaintiff in the same financial position it would have been…absent the misconduct." *World Wrestling Federation*, 530 F. Supp. 2d at 521; *see also Makowski*, 2010 WL 3026510, at *8.

Plaintiff's amended complaint, as previously demonstrated, woefully fails to allege any injury, let alone a concrete economic injury that satisfies the requirements for a RICO claim. Plaintiff does not allege that she has made any payments to the Defendants, or suffered any other tangible property loss.

The amended complaint also fails to show that Defendants' conduct constituted a violation of § 1962. As a threshold matter, Defendants have already demonstrated that this case does not involve "unlawful debts." Her usury allegations are simply baseless, undermining her attempt to assert a viable RICO claim. *See Quereshi v. Countrywide Home Loans, Inc.*, No. 09-4198, 2010 WL 841669, at *10 (N.D. Cal. March 10, 2010) (plaintiff fails to show debt was unenforceable because of usurious rate at least twice the enforceable rate and, as a result, fails to allege facts sufficient to establish any collection of an unlawful debt, let alone two or more such violations, as is necessary to show a pattern of racketeering).

Moreover, even if she could overcome that fundamental defect (she cannot), Plaintiff's amended pleading fails to set forth *factual* allegations – not conclusory allegations – supporting elements of a RICO claim; she merely resorts to parroting the elements of a claim based on § 1962(a), (b) or (c).  *See* Plaintiff's Amended Complaint, ¶¶ 219-224 at 38-39.  Indeed, her entire case rests on her receipt of a single letter, which she – wrongly – contends is misleading (which it is not) and seeks recovery of a usurious debt (which it does not).  *See id.*, ¶¶ 53-78 at 9-13. Plaintiff fails to identify any other specific act which might, by some stretch of the imagination, allow her to plausibly assert a RICO claim. *See, e.g. Maersk, Inc. v. Neewra, Inc.*, 687 F. Supp. 2d 300, 330-35 (S.D.N.Y. 2009) (summarizing requirements of RICO claim based on § 1962(a), (b) or (c) and detailing the elements of a claim pursued under § 1962(c), which addresses conduct of an "enterprise" through a "pattern" of "racketeering activity").

Finally, Avila does not and cannot overcome these glaring deficiencies through the expediency of claiming – without any factual detail – that Defendants have engaged in similar alleged misconduct with a purported class of individuals she seeks to represent. *See Snyder v. U.S. Equities Corp.*, No. 12-6092, 2014 WL 317189, at *8 (W.D.N.Y. Jan. 28, 2014) ("The fact that Plaintiff has captioned this action as a proposed class action, and has alleged that Defendants acted in identical fashion toward many other persons, does not, in this Court's view, permit the denial of Defendants' motion" to dismiss plaintiff's claims under both the FDCPA and RICO). A RICO claim cannot be conjured up merely by adding self-serving, conclusory class action claims.

In sum, Plaintiff's attempt to concoct a RICO claim fails as a matter of law.

**CONCLUSION**

By reason of the foregoing, Plaintiff's amended complaint against Defendants should be dismissed, with prejudice, and Defendants should be awarded their costs and disbursements and such further relief as the Court may deem just and proper.

Dated: New York, New York
      April 18, 2014

LANDMAN CORSI BALLAINE & FORD, P.C.

By:      _____/s/_____
        Daniel S. Moretti
        Jennifer A. Ramme
        120 Broadway, 27th Floor
        New York, New York 10271-0079
        (212) 238-4800

        *Attorneys for Defendants*
        *Riexinger & Associates, LLC, Crown*
        *Asset Management, LLC and*
        *Stephen P. Riexinger*