UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
ANNMARIE AVILA, an individual; on behalf of herself
and all others similarly situated,

                        Plaintiffs,

         - against -

RIEXINGER & ASSOCIATES, LLC, a Georgia Limited
Liability Company; CROWN ASSET MANAGEMENT,
LLC, a Georgia Limited Liability Company; STEPHEN
P. RIEXINGER, Individually and in His Official
Capacity; and, JOHN AND JANE DOES NUMBERS 1
THROUGH 25,

                        Defendants.
----------------------------------------------------------------X

13 Civ 4349 (RJD)(LB)

**DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT
OF THEIR MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT
PURSUANT TO RULE 12(b)(6), FED. R. CIV. P.**

LANDMAN CORSI BALLAINE & FORD P.C.
Attorneys for Defendants
Riexinger & Associates, LLC, Crown Asset
Management, LLC and Stephen P. Riexinger
120 Broadway, 27th Floor
New York, New York 10271-0079
(212) 238-4800

Of Counsel:

Daniel S. Moretti, Esq.
Jennifer A. Ramme, Esq.

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................. i

PRELIMINARY STATEMENT ............................................................ 1

ARGUMENT ................................................................................ 1

I.    PLAINTIFF FAILS TO STATE A CLAIM AGAINST
DEFENDANTS UNDER THE FDCPA .............................................. 1

    i.    Section 1692e(2)(A) .................................................. 1

    ii.    Section 1692e(3) ...................................................... 2

    iii.    Section 1692e(5) ...................................................... 4

    iv.    Section 1692e(10) .................................................... 5

    v.    Section 1692f ......................................................... 5

    vi.    Section 1692g ......................................................... 7

    vii.    Section 1692j .......................................................... 10

II.    PLAINTIFF FAILS TO STATE A CLAIM AGAINST
DEFENDANTS UNDER NEW YORK GENERAL
BUSINESS LAW § 349.............................................................. 13

III.    PLAINTIFF FAILS TO STATE A CLAIM AGAINST
DEFENDANTS UNDER NEW YORK GENERAL
OBLIGATIONS LAW § 5-501 ...................................................... 14

IV.    PLAINTIFF FAILS TO STATE A CLAIM
AGAINST DEFENDANTS UNDER RICO ........................................ 15

CONCLUSION ............................................................................. 15

## TABLE OF AUTHORITIES

**Page(s)**

CASES

*Ashcroft v. Iqbal,*
556 U.S. 662 (2009)..........................................................................................8, 12, 15

*Bentley v. Great Lakes Collection Bureau,*
6 F.3d 60 (2d Cir. 1993)...........................................................................................4, 5

*Berrios v. Sprint Corp.,*
No. 97-0081, 1998 WL 199842 (E.D.N.Y. Mar. 16, 1998)........................................13

*Brandon v. City of N.Y.,*
705 F. Supp. 2d 261 (S.D.N.Y. 2010).....................................................................6, 15

*Decker v. Massey-Ferguson, Ltd.,*
681 F.2d 111 (2d Cir. 1982).......................................................................................14

*Franceschi v. Mautner–Glick Corp.,*
22 F. Supp. 2d 250 (S.D.N.Y. 1998).........................................................................11

*Friedl v. City of New York,*
210 F.3d (2d Cir. 2000)...........................................................................................9, 10

*Gershon v. Hertz Corp.,*
626 N.Y.S.2d 80 (1995)..............................................................................................13

*Goshen v. Mutual Life Ins. Co.,*
1997 WL 710669 (N.Y. Sup. Ct. 1997).....................................................................13

*Grace v. Rosenstock,*
169 F.R.D. 473 (E.D.N.Y. 1996) ..................................................................................6

*Greco v. Trauner, Cohen & Thomas, L.L.P.,*
412 F.3d 360 (2d Cir. 2005)................................................................................2, 3, 10

*Harlan v. NRA Group, LLC,*
No. 10-0324, 2011 WL 500024 (E.D. Pa. Feb. 9, 2011) ...........................................10

*Herzlinger v. Nichter,*
No. 09-0192, 2011 WL 1434609 (S.D.N.Y. Feb. 9, 2011)...........................................5

*In re Integrated Res., Inc. Real Estate Ltd. P'ships Sec. Litig.,*
851 F. Supp. 556 (S.D.N.Y. 1994) ............................................................................14

*In re Kam Kuo Seafood Corp.*,
    67 B.R. 304 (Bankr. S.D.N.Y. 1986) ..................................................................6

*Innotex Precision Ltd. v. Horei Image Products, Inc.*,
    679 F. Supp. 2d 1356 (N.D. Ga. 2009) .............................................................12

*Iyamu v. Clarfield, Okon, Salomone, & Pincus, P.L.*,
    950 F. Supp. 2d. 1271 (S.D. Fla. 2013) ...........................................................10

*Jacobson v. Peat, Marwick, Mitchell & Co.*,
    445 F. Supp. 518 (S.D.N.Y. 1977) ..................................................................13

*Jones v. Midland Funding, LLC*,
    755 F. Supp. 2d 393 (D. Conn. 2010) .............................................................1, 2

*Kupferstein v. RCS Centre Corp.*,
    No. 03-1497, 2004 WL 3090582 (E.D.N.Y. Aug. 11, 2004) ...........................8

*Manfra, Tordella & Brookes, Inc. v. Bunge*,
    794 F.2d 61 (2d Cir. 1986) ..............................................................................14

*Miller Planning Corp. v. Wells et al.*,
    253 A.D.2d 859, 678 N.Y.S.2d 340 (2d Dep't 1998) ......................................14

*Neitzke v. Williams*,
    490 U.S. 319, 326-27 .......................................................................................12

*Orr v. Westport Recovery Corp.*,
    941 F. Supp. 2d 1377 (N.D. Ga. 2013) ...........................................................10

*Ortho Pharmaceutical Corp. v. Cosprophar, Inc.*,
    32 F.3d 690 (2d Cir. 1994) ..............................................................................13

*Pifko v. CCB Credit Services, Inc.*,
    No. 09-3057, 2010 WL 2771832 (E.D.N.Y. July 7, 2010) .............................1, 7

*Pipiles v. Credit Bureau of Lockport, Inc.*,
    886 F.2d 22 (2d Cir. 1989) ................................................................................4

*Ruffolo v. Oppenheimer & Co.*,
    987 F.2d 129 (2d Cir. 1993) ............................................................................13

*Scantek Med., Inc. v. Sabella*,
    582 F. Supp. 2d 472 (S.D.N.Y. 2008) .............................................................14

*Weiss v. Zwicker & Assocs.*,
    664 F. Supp. 2d 214 (E.D.N.Y. 2009) ..............................................................7

**STATUTES**

15 U.S.C. § 1692a ....................................................................................................9

15 U.S.C. § 1692e ..............................................................................1, 2, 3, 4, 5, 8

15 U.S.C. § 1692f ......................................................................................5, 6, 7

15 U.S.C. § 1692g ........................................................................................7, 8, 9, 10

15 U.S.C. § 1692j ........................................................................................10, 11, 12

15 U.S.C. § 1692k ................................................................................................5, 8

18 U.S.C. § 1962 ...................................................................................................15

New York General Business Law § 349 ............................................................13

New York General Obligations Law § 5-501 ....................................................14

**OTHER AUTHORITIES**

Fed. R. Civ. P. 15(c)(1)(B) ...............................................................................5

Fed. R. Civ. P. 12(b)(6).............................................................................1, 9, 12

## PRELIMINARY STATEMENT

Defendants Riexinger & Associates, LLC ("Riexinger LLC"), Crown Asset Management, LLC ("Crown Asset") and Stephen P. Riexinger ("Riexinger") (collectively, "Defendants") respectfully submit this reply memorandum of law in further support of their motion to dismiss plaintiff's first amended complaint against Defendants, with prejudice, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

For the reasons set forth below, as well as in defendant's brief in support of their motion to dismiss ("brief in support"), the amended complaint of Plaintiff Annmarie Avila ("Plaintiff" or "Avila"), fails in every respect to state a claim upon which relief may be granted against any of the Defendants. In addition, Plaintiff's amended complaint does not merely suffer from technical deficiencies that can be cured. Further amendment would be futile. Plaintiff simply does not have any viable claim to assert against the Defendants.

## ARGUMENT

I.  **PLAINTIFF FAILS TO STATE A CLAIM AGAINST DEFENDANTS UNDER THE FDCPA**

i.  **Section 1692e(2)(A)**

Plaintiff claims § 1692e(2)(A) was violated because the debt collection letter she received fails to indicate that her debt may increase due to interest. *See* Pl's Brief in Opposition ("Opp.") at 8-10.  These allegations, however, are insufficient to state a claim under § 1692e(2)(A).  *See Pifko v. CCB Credit Services, Inc.*, No. 09-3057, 2010 WL 2771832, at *5 (E.D.N.Y. July 7, 2010) (finding no violation of Section 1692e(2)(A) where plaintiff merely claimed the debt collection letter at issue failed to state that the debt may increase due to interest or other charges).

Nevertheless, in plaintiff's opposition, she urges the Court to apply *Jones v. Midland Funding, LLC*, 755 F. Supp. 2d 393 (D. Conn. 2010), because, there, the Court concluded that

plaintiff was required to be advised that his debt could increase due to interest. *Jones*, however, is inapposite because, the debt collection letter at issue there did not just state the "current balance," but *also* included a "discount offer" (*i.e.*, offering to settle the "current balance" of $2.096.06 if the amount due of $1,855.55 was paid by August 8, 2007"). *Id.* The Court emphasized that it was precisely because of this discount offer that the plaintiff was required to be informed that his debt could increase due to interest. *Id.* at 396-97. Notably, the debt collection letter at issue here does not contain any discount offer whatsoever. As a result, it is clear that *Jones* is inapplicable to the case at bar. Consequently, this Court must apply *Pifko*, and find that no violation of § 1692e(2)(A) has occurred. *See id.*

ii.   **Section 1692e(3)**

Under the FDCPA, an attorney may participate in the debt collection process, but the attorney cannot mislead the debtor regarding the level of attorney involvement in the debt collection process. *See* 15 U.S.C. § 1692e(3). In other words, an attorney who is not meaningfully involved in the collection process may send a debt collection letter, "so long as that letter includes *disclaimers* that [] make clear to the 'least sophisticated consumer' that the law firm or attorney sending the letter is not, at the time of the letter's transmission, acting as an attorney." *See Greco v. Trauner, Cohen & Thomas, L.L.P.*, 412 F.3d 360 (2d Cir. 2005) (holding no violation of § 1692e(3) when the letter contained a clear disclaimer). Here, the debt collection letter contained an express disclaimer (*identical* to the disclaimer in *Greco*), *i.e.* "[a]t this time, no attorney with this firm has personally reviewed the particular circumstances of your account." *See* Am. Compl., Ex. A at 47. Thus, here, as in *Greco*, ". . . the least sophisticated consumer, upon reading [the debt collection letter], must be taken to understand that no attorney

has yet evaluated . . . her case, or made recommendations regarding the validity of the creditor's claims." *See Greco*, 412 F.3d at 364.

Nonetheless, in plaintiff's opposition, she advances a series of arguments (all lacking in merit), as to why the debt collection letter she received violates § 1692e(3).  She first contends that the letter "does not make it clear that [Mr.] Reixinger and the law firm Riexinger LLC were acting purely as debt collectors  and, . . . [that] they will never act in the capacity of an attorney with respect to collecting these debts." *See* Opp. at 12. This argument, however, plainly misconstrues the FDCPA and its requirements.  To be clear, under the FDCPA, all that is required is that the level of attorney involvement not be misleading. *See Greco*, 412 F.3d at 364 ("[a]ttorneys can participate in debt collection in any number of ways, without contravening the FDCPA, so long as their status as attorneys is *not misleading*."). And here, the level of attorney involvement was not misleading, given the clear disclaimer, as outlined above.

Next, Plaintiff contends that the letter violates § 1692e(3) because the language directly following the disclaimer -- "However, if you fail to contact this officer, our client may consider additional remedies to recover the balance due" -- somehow "eradicate[s] the clarification effect of the disclaimer." *See* Opp. at 12. This argument, however, must be rejected out of hand.  The debt collection letter in *Greco*, which contained the identical disclaimer, also contained the same language, directly following the disclaimer -- and the Second Circuit, upon reviewing the letter as a whole, expressly ruled that "[n]othing else in the letter confused or contravened th[e] disclaimer of attorney involvement." *See Greco*, 412 F.3d at 361, 365.

Lastly, plaintiff attempts to save this claim, by raising a rather nonsensical argument, *i.e.* that the statement below the signature block in the letter, namely that defendants are "acting as a debt collector pursuant to § 1692" should be deemed to overshadow the earlier disclaimer of

attorney involvement (included in the body of the letter). However, defendants utterly fail to understand how this statement could in any way confuse or mislead the "least sophisticated consumer" – because, if anything, this statement further reinforces the earlier disclaimer, *i.e.* that at this time no attorney has reviewed the particular circumstances of your account.  In sum, because the letter is not false, deceptive, or misleading, regarding the level of attorney involvement, Plaintiff's claim under § 1692e(3) must be dismissed as a matter of law.

### iii.    Section 1692e(5)

Section 1692e(5) prohibits "[t]he threat to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5). Accordingly, it must first be determined whether the defendant *actually threatened* to take action and, if so, whether the defendant *could have legally taken* such action.  *See Bentley v. Great Lakes Collection Bureau*, 6  F.3d 60, 62 (2d Cir. 1993). Moreover, the threatened legal action must be "authorized, likely and imminent." *Id.* In other words, the language of the communication, as a whole, must leave the unsophisticated reader with the impression that "some type of legal action has already been or is about to be initiated and can be averted from running its course only by payment." *Pipiles v. Credit Bureau of Lockport, Inc.*, 886 F.2d 22, 25 (2d Cir. 1989).

In plaintiff's opposition, she contends that the letter "leaves the least sophisticated consumer with the impression that the failure to act immediately will result in a Riexinger attorney proceeding with legal action." *See* Opp. at 13. However, the letter at issue contains absolutely no mention of litigation, or any other terms threatening a legal action, let alone suggesting a legal action was imminent. *See* Am. Compl., Ex. A at 47. Consequently, viewing the debt collection letter as a whole, even the least sophisticated consumer could not reasonably

interpret it to have been a threat of "authorized, likely and imminent" litigation. *See Bentley*, 6 F.3d at 62.  As such, plaintiff's § 1692e(5) claim must be dismissed.

### iv.   Section 1692e(10) Claim

Plaintiff also claims that the debt collection letter violates § 1692e(10) of the FDCPA, which generally prohibits "the use of any false representation or deceptive means to collect or attempt to collect any debt."  Notably, the Plaintiff's claim under § 1692e(10) is not any different from her claims under §§ 1692e(2), (3) and (5) and, therefore, all of these claims under 1692e must "suffer the same fate."  *See Herzlinger v. Nichter*, No. 09-0192, 2011 WL 1434609, at *6 (S.D.N.Y. Feb. 9, 2011).

### v.   Section 1692f Claim

Plaintiff claims defendants violated § 1692f by attempting to collect interest not expressly authorized by any agreement between her and Defendants, or otherwise permitted by law. However, for the reasons discussed in Defendants' brief in support as well as below, plaintiff's claims under § 1692f are time-barred, and in any event, fail to state a viable claim as a matter of law.

As a threshold matter, in Plaintiff's opposition, she concedes that the applicable statute of limitations for her § 1692f claim is one year. *See* Opp. at 15 (citing 15 U.S.C. § 1692k(d)).  As a result, she now tries to save her stale claim by contending the relation-back doctrine should render her claim timely. *See* Opp. at 15-16. *See also* Fed. R. Civ. P. 15(c)(1)(B) ("An amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim . . . that arose out of the conduct, transaction, or occurrence set out-- or attempted to be set out--in the original pleading.").  In support of this contention, plaintiff asserts that because her new claim is based on the same debt collection letter appended to her

initial complaint; "Defendants were given adequate notice of litigation concerning a given transaction or occurrence – [i.e.,] Defendants knew they were being sued for FDCPA violations based on the face of their 8/2/12 letter." *See* Opp. at 16.

However, plaintiff's reliance on the relation-back doctrine is misplaced -- because (1) any claim concerning purported excessive interest concerns an act or transaction <u>separate and distinct from</u> the communication at issue (i.e., the debt collection letter) of which she originally complained, and (2) plaintiff's original complaint made no allegations whatsoever that concerned the purported excessive interest. *See* (Doc. No. 1).  Moreover, there is nothing on the face of the letter that refers to interest (being assessed on plaintiff's debt or otherwise).  Consequently, plaintiff's original pleading did not and could not have provided the defendants with notice that she would be contesting the amount of interest being charged on her debt.  Thus, the relation-back doctrine cannot and does not save her time-barred claim.  *See, e.g., Grace v. Rosenstock*, 169 F.R.D. 473, 481 (E.D.N.Y. 1996) (failure of notice prevents relation back because permitting an amendment without notice of the facts out of which a time-barred claim arises would cause undue prejudice to the opposing party.); *In re Kam Kuo Seafood Corp.,* 67 B.R. 304, 307 (Bankr. S.D.N.Y. 1986) (amended complaint does not relate back to date of filing of original complaint where claims asserted therein are based on transactions separate from and in addition to those already pleaded).

And nor does equitable tolling save plaintiff's stale claim.  Notably, in her opposition, she has utterly failed to oppose the arguments raised by defendants concerning equitable tolling and, therefore, this claim must be deemed abandoned. *See Brandon v. City of N.Y.,* 705 F. Supp. 2d 261, 268 (S.D.N.Y. 2010). As such, plaintiff's § 1692f claims must be dismissed as time-barred.

In any event, Plaintiff's § 1692f (as well as her § 1692e(5) claim - to the extent it is based on excessive interest) fail as a matter of law because she has not established that the interest purportedly being charged on her debt was impermissible or otherwise in violation of New York state law. As will be discussed in Point III, *infra*, Plaintiff cannot establish that the interest allegedly being charged on the debt at issue violates any of New York's usury statutes.

### vi.    Section 1692g

Section 1692g of the FDCPA requires debt collectors, in their initial communication with the consumer, *inter alia*, to (1) identify the amount of the debt, (2) identify the name of the creditor to whom the debt is owed, and (3) provide a statement that "unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector." *See* 15 U.S.C. § 1692g(a)(1)-(3). Plaintiff claims that the debt collection letter fails to comport with these requirements. However, for the reasons set forth below and in defendants' brief in support, these contentions are legally unavailing.

First, the debt collection letter expressly sets forth the amount of the debt, *i.e.* "Current Balance: $1,845.31", at both the top of the letter *and, again*, on the bottom of the letter, which is all that § 1692g(a)(1) requires (*i.e.* to clearly state the amount of debt *presently due*). Thus, the debt collection letter at issue makes clear that Riexinger LLC has fulfilled that legal obligation. *See Pifko*, 2010 WL 2771832, at *3; *Weiss v. Zwicker & Assocs.*, 664 F. Supp. 2d 214, 217 (E.D.N.Y. 2009). Nonetheless, plaintiff, again, contends the debt collection letter she received violates the FDCPA because it fails to advise that the amount of debt owed would increase due to interest. However, a plain reading of § 1692g(a)(1) makes clear that a debt collector does not have any obligation to state that one's debt may increase due to interest. Additionally, as this

claim is merely a reiteration of plaintiff's § 1692e(2)(A) claim (as plaintiff raises the exact same arguments in support of this claim), her § 1692g(a)(1) claim must fail for the same reasons that her claim under § 1692e(2)(A) must fail as a matter of law. *See* Point I (i), *supra.*

Second, the debt collection letter at issue clearly states the name of the creditor to whom the debt is owed, as required under § 1692g(a)(2). Specifically, the first sentence of the debt collection letter expressly states: "The firm of Riexinger & Associates, LLC is a law firm representing CROWN ASSET MANAGEMENT, LLC, *the current creditor* of the above-referenced account which originated with Wells Fargo." *See* Am. Compl., Ex. A at 47 (emphasis added).

In the face of this unambiguous disclosure, plaintiff contends that Crown Asset was not the current creditor and, therefore, the debt collection letter violated § 1692g(a)(2). However, plaintiff has merely alleged upon information and belief (without providing any basis whatsoever for her information at belief) that the debt collection letter falsely states that Crown Asset is the current creditor of the debt. These conclusory allegations by plaintiff are insufficient to state a claim under § 1692g(a)(2). *See Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009); *see also Kupferstein v. RCS Centre Corp.*, No. 03-1497, 2004 WL 3090582, at *2 (E.D.N.Y. Aug. 11, 2004). Unsurprisingly, plaintiff does not dispute that these allegations are insufficient to state a claim. Instead, she now cites to ¶¶ 35-40 of the Amended Complaint, which she contends *are* sufficient to state a claim. However, these cited paragraphs of the Amended Complaint cannot and do not lend any support for plaintiff's § 1692g(a)(2) claim, as they merely consist of additional conclusory allegations pled on information and belief and/or otherwise naked assertions not entitled to be credited, (*see* Am. Compl. at ¶¶ 35, 38, 39 and 40), as well as irrelevant information that says nothing about plaintiff's specific debt, nor why Crown Asset was not the

current creditor, (*see* Am. Compl. at ¶¶ 36 and 37). Thus, these allegations do nothing to salvage her § 1692g(a)(2) claim.

As a further attempt to save this claim, plaintiff asserts that defendants' Answer to the original complaint, and subsequent Rule 26 disclosures, somehow reveal that Crown was not the current creditor. Specifically, plaintiff asserts that "Defendants blatantly ignore their own prior Answer to Plaintiff's initial complaint in which they deny that the Wells Fargo Obligation assigned, placed, transferred or sold the debt to Crown Asset for collection . . . as alleged by Plaintiff and confirmed by Defendants in their own answer." *See* Opp. at 20.  However, these disingenuous contentions by plaintiff utterly misrepresent defendants' Answer to plaintiff's original complaint.  To be clear, in defendants' Answer to the original Complaint, defendant Crown Asset simply "denie[d] knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph '26' of the Complaint and refer[red] all matters of law to the court, except denie[d] that the alleged debt was assigned, placed, transferred or sold to Crown Asset Management, LLC for collection." *See* Doc. No. 10 at ¶ 26. Thus, nothing about this statement in the defendants' answer can be construed as an admission that Crown Asset was not the current creditor.  *See* 15 U.S.C. § 1692a(4) (defining creditor as "any person who offers or extends credit creating a debt or to whom a debt is owed, but such term does not include any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another.").

Plaintiff also contends that defendants' Rule 26 disclosures demonstrate (without offering any explanation as to how) that Crown Asset was not the current creditor of plaintiff's alleged debt.  As an initial mater, plaintiff cannot rely on discovery materials (obviously outside the pleadings) in opposition to defendants' Rule 12(b)(6) motion. *See Friedl v. City of New York*,

210 F.3d, 79, 83-84 (2d Cir. 2000). However, even if she could, there is absolutely no factual basis for plaintiff's conclusory statement that the Rule 26 disclosures "confirm" that Crown was not the creditor. Accordingly, for these reasons, and the reasons set forth in defendants' brief in support, plaintiff's § 1692g(a)(2) claim must be dismissed.

Finally, plaintiff's claim under § 1692g(a)(3) must also be dismissed. Specifically, the debt collection letter clearly contains the requisite statutory language as it provides: "Unless within, 30 days of receipt of this notice you dispute the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the creditor and by this Firm." *See* Am. Compl., Ex. A at 47. The letter further states that Riexinger LLC is acting as a debt collector. *Id.* Despite the fact the letter contains the requisite statutory language, Plaintiff claims that § 1692g(a)(3) was violated because the letter also provides that the creditor will assume the debt is valid, if not disputed within 30 days. However, plaintiff's argument is frivolous as § 1692g(a)(3) simply does not prohibit the creditor from also assuming the debt is valid. *See e.g., Greco*, 412 F.3d at 365-66 (holding no violation of § 1692g(a)(3), due to the addition of the creditor also assuming the debt is valid, because "[q]uite simply, we do not see how the addition reduces the veracity or lucidity of the letter's disclosure statement"). Thus, it is plain that there is no legal basis for plaintiff's § 1692g(a)(3) claim, and, therefore, this claim must be dismissed.[1]

### vii.    Section 1692j

Plaintiff claims that Mr. Riexinger and Riexinger LLC, engaged in "flat-rating" activities in violation of the 1692j. *See* Am. Compl., ¶ 118 at 20. Yet, the Plaintiff also alleges that

---

[1] Defendants note that to the extent plaintiff has cited any cases in her opposition, these cases are inapposite -- because (1) in both *Orr v. Westport Recovery Corp.*, 941 F. Supp. 2d 1377 (N.D. Ga. 2013) and *Harlan v. NRA Group, LLC*, No. 10-0324, 2011 WL 500024, (E.D. Pa. Feb. 9, 2011), the debt collection letters did not contain the requisite language (identifying the person or entity that would assume the debt to be valid), and (2) in *Iyamu v. Clarfield, Okon, Salomone, & Pincus, P.L.*, 950 F. Supp. 2d. 1271 (S.D. Fla. 2013), the debt collection letter only stated that the debt would be assumed valid by the creditor, and said nothing about the debt collector, as required under § 1692g(a)(3).

Riexinger LLC and Mr. Riexinger are debt collectors.   *See id.*, at ¶¶ 44-49 at 8-9.  These latter allegations are fatal to Plaintiff's claim because, if a party is involved in the debt collection process, it cannot also be a "flat-rater." *See Franceschi v. Mautner–Glick Corp.,* 22 F. Supp. 2d 250, 256 (S.D.N.Y. 1998). Therefore, plaintiff's own allegations make clear that no violation of § 1692j has occurred.

Nonetheless, plaintiff proceeds to argue, *without any conceivable basis for doing so*, that "Riexinger LLC and Mr. Riexinger never act as attorneys during the collection process of the debts they attempt to collect on behalf of Crown Asset, and that they have no real involvement in the debt collection effort." *See* Opp. at 23. This contention, however, is utterly belied by (1) plaintiff's own allegations that Riexinger LLC and Mr. Riexinger are debt collectors, and (2) defendants' Answer to plaintiff's original complaint. *See* Pl's Compl., (Doc. No. 1 at ¶¶ 34-39) and *Compare* Def's Ans., (Doc. No. 23 at ¶¶ 34-39).  Thus, there is no basis in law or fact for plaintiff's flat-rating claim.

The plaintiff also claims a violation of 1692j on the grounds that Crown Asset and Riexinger LLC, are in essence one and the same entity and, therefore, the debt collection letter gives the false impression that someone other than the creditor is participating in the debt collection process. However, in support of this claim, plaintiff has merely alleged *on information and belief* (once again), that: (1) defendants are mere alter egos of one another (sharing the same resources, equipment, mailing address, office space and personnel), (2) Crown Asset Management is responsible for the printing and mailing of the debt collection letter, and (3) there existed a principal-agent relationship between Crown Asset Management and Riexinger LLC and Mr. Riexinger. *See* Am. Compl., ¶¶ 115-121.  Thus, Plaintiff appears to be seeking to pierce the corporate veil of these two entities as her excuse for trying to treat these distinct Defendants

11

as one entity for the purpose of finding a violation of § 1692j. To do so, the Court would have to apply Georgia law, as Crown Asset and Riexinger LLC are (correctly) alleged to be limited liability companies existing pursuant to the laws of, and principally based in, the State of Georgia. However, plaintiff's allegations are insufficient to pierce the corporate veil under Georgia law, namely because her conclusory allegations in support of this claim, pled on information and belief, simply amount to threadbare allegations that are legally insufficient to satisfy any of the requirements, which would permit her to do so. *See Innotex Precision Ltd. v. Horei Image Products, Inc.*, 679 F. Supp. 2d 1356, 1358 (N.D. Ga. 2009) (citing *Iqbal*, 556 U.S. at 678-79). As Plaintiff's alter ego allegations are plainly deficient, Plaintiff's claim under § 1692j must be dismissed.

In apparent recognition that these allegations are insufficient, plaintiff contends that, in her pleading, she "need not include evidentiary detail, but must allege a factual predicate concrete enough to warrant further proceedings," *see* Opp. at 22, and requests to be permitted to "obtain the discovery she needs, . . . which Defendants have sought to conceal," *see* Opp. at 23. However, it is well-settled that a litigant must state a claim before she is entitled to proceed with discovery. Otherwise, allowing a plaintiff, like Avila, to conduct discovery in order to piece together a claim would undermine the purpose of Federal Rule of Civil Procedure 12(b)(6), which is to streamline litigation by dispensing with needless discovery and factfinding, where a plaintiff has failed to state a claim under the law. *See Neitzke v. Williams,* 490 U.S. 319, 326-27 (1989). *See also Iqbal*, 556 U.S. at 678-79. Furthermore, the plaintiff has offered no basis for her statement (because there is none), that defendants' have "concealed" discovery from her. As such, it is clear that plaintiff's § 1692j claim must be dismissed.

## II.   PLAINTIFF FAILS TO STATE A CLAIM AGAINST DEFENDANTS UNDER NEW YORK GENERAL BUSINESS LAW § 349

Plaintiff's state law claim under GBL § 349 claim must fail as a matter of law, because she has failed to allege an essential element of the claim – namely, that she was injured by Defendants' actions or that she relied upon Defendants alleged misrepresentations to her detriment. *See, e.g., Goshen v. Mutual Life Ins. Co.*, 1997 WL 710669, at *12 (N.Y. Sup. Ct. 1997); *Gershon v. Hertz Corp.*, 626 N.Y.S.2d 80, 81 (1995); *Ortho Pharmaceutical Corp. v. Cosprophar, Inc.*, 32 F.3d 690, 697 (2d Cir. 1994); *Berrios v. Sprint Corp.*, No. 97-0081, 1998 WL 199842 (E.D.N.Y. Mar. 16, 1998).  In an attempt to avoid dismissal of this claim, plaintiff contends *for the first time*, in her opposition, that she was injured -- because she was "scared", and because suffered a "pecuniary injury." However, these new contentions by plaintiff may not be considered by the Court, as it is axiomatic that a party <u>cannot</u> amend her pleading through statements made in her memorandum of law in opposition to a motion to dismiss. *See Jacobson v. Peat, Marwick, Mitchell & Co.*, 445 F. Supp. 518, 526 (S.D.N.Y. 1977).  And even if the Court could consider these new contentions, plaintiff's claim is still deficient because she still has not alleged (nor attempted to claim in her opposition) -- that she had ever relied upon defendants alleged misrepresentations to her detriment. Therefore, Plaintiff's claim under New York General Business Law § 349 must be dismissed as a matter of law.

Additionally, to the extent that plaintiff states that she "is willing to replead her cause of action to cure any perceived deficiencies regarding her "pecuniary injury" – any such request should be denied. As discussed above, simply adding the pecuniary injury allegations to the complaint will not in and of itself cure the deficiencies. *See Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993) (leave to amend may be denied where amendment would be futile). Furthermore, leave should also be denied because plaintiff has already been provided with two

separate opportunities to amend her complaint. *See Decker v. Massey-Ferguson, Ltd.*, 681 F.2d 111, 115 (2d Cir. 1982) ("[W]e find no abuse of discretion in the district court's refusal to give plaintiff's attorneys a third attempt to restate the defective allegations.").[2]

### III. PLAINTIFF FAILS TO STATE A CLAIM AGAINST DEFENDANTS UNDER NEW YORK GENERAL OBLIGATIONS LAW § 5-501

Plaintiff claims the Defendants violated New York GOL § 5-501, *et seq.*, by charging, collecting and/or attempting to collect interest in excess of the civil usury limit. However, it is well established that the usury statutes do not apply to defaulted obligations. *See Manfra, Tordella & Brookes, Inc. v. Bunge*, 794 F.2d 61, 63 n. 3 (2d Cir. 1986); *In re Integrated Res., Inc. Real Estate Ltd. P'ships Sec. Litig.*, 851 F. Supp. 556, 565 (S.D.N.Y. 1994); *Miller Planning Corp. v. Wells et al.*, 253 A.D.2d 859, 678 N.Y.S.2d 340, 341 (2d Dep't 1998). Accordingly, insofar as Plaintiff's usury interest claim is based on a purported violation of New York's civil usury statutory provisions, it must be dismissed. She does not and cannot allege that the debt collection letter does not concern a defaulted obligation.[3]

Despite this well-settled case law, plaintiff contends that the right to raise the interest rate, above the usury limit, is a privilege that is only afforded to creditors and, therefore, she has alleged a viable claim, *i.e.* because the defendants are debt collectors. This contention, however, is meritless. The well-settled case law simply does not make the distinction that plaintiff seeks to have the Court impose. And unsurprisingly, plaintiff has not cited to a single case or any other authority to support her contention. The obvious reason for this, of course, is that she cannot do so. The law is clear that civil usury statutes simply do not apply to defaulted obligations. *See id.*

---

[2] Any other request to amend her Amended Complaint must be denied for the same reasons.

[3] To the extent plaintiff was also claiming a violation of New York's criminal usury statutes, any such claim must be dismissed as she has failed to address this claim in her brief. In any event, any such claim should also be dismissed because the criminal usury statute does not provide for a private civil cause of action. *See Scantek Med., Inc. v. Sabella*, 582 F. Supp. 2d 472, 474 (S.D.N.Y. 2008).

In any event, plaintiff's contention is also lacking in merit because, as discussed above, Crown Asset *is* the creditor.  And plaintiff's repeated assertions to the contrary, utterly devoid of factual support, are not entitled to be credited by the Court. *See Iqbal,* 556 U.S. 679.

Plaintiff's usury interest claims are also subject to dismissal for yet another reason (which plaintiff does not contest): *i.e.* because Plaintiff has not sustained any injury.  Plaintiff does not (and cannot) allege any actual payment of the supposed excess interest to the Defendants.  That is because Plaintiff never made any payments to the Defendants.  Accordingly, it is plain that Defendants cannot be called upon to disgorge money they never received.

## IV.   PLAINTIFF FAILS TO STATE A CLAIM AGAINST DEFENDANTS UNDER RICO

In defendants' brief in support of their motion to dismiss, they advanced several arguments as to why plaintiff's claims under the Racketeer Influenced and Corrupt Organizations (RICO) statute, 18 U.S.C. §§1962(b)-(c), must be dismissed. In plaintiff's brief in opposition, however, she failed to oppose these arguments and/or raise any arguments whatsoever as to why her RICO claims should not be dismissed.  As a result, plaintiff's RICO claims should be deemed abandoned and, therefore, dismissal of these claims is plainly warranted.  *See Brandon v. City of N.Y.,* 705 F. Supp. 2d 261, 268 (S.D.N.Y. 2010) (claims abandoned where plaintiff did not raise any arguments opposing defendants' motion to dismiss) (collecting cases).

## CONCLUSION

By reason of the foregoing, Plaintiff's amended complaint against Defendants should be dismissed, with prejudice, and Defendants should be awarded their costs and disbursements and such further relief as the Court may deem just and proper.

Dated: New York, New York
     June 3, 2014

LANDMAN CORSI BALLAINE & FORD, P.C.

By:  _____/s/_____

Daniel S. Moretti
Jennifer A. Ramme
120 Broadway, 27th Floor
New York, New York 10271-0079
(212) 238-4800

*Attorneys for Defendants
Riexinger & Associates, LLC, Crown
Asset Management, LLC and
Stephen P. Riexinger*

16