LAW OFFICE
# KLEINMAN LLC
626 REXCORP PLAZA
UNIONDALE, NEW YORK 11556-0626

ABRAHAM KLEINMAN
ATTORNEY AT LAW

TELEPHONE
(516) 522-2621

FACSIMILE
(888) 522-1692

**July 7, 2014**

**VIA - ECF FILING ONLY**
Douglas C. Palmer, Clerk of Court
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201-1818

> Re: *Elrod v. Riexinger & Associates, LLC, et al.*
> 1:14-cv-02740 (KAM) (RLM)

Dear Mr. Palmer:

I am counsel for the Plaintiff, Sara Elrod, in the above-referenced matter, *Elrod v. Riexinger & Associates, LLC, et al.* ("*Elrod*").

Defendants Riexinger & Associates, LLC, Stephen P. Riexinger, and Bureaus Investment Group Portfolio No. 15, LLC, submitted a letter to you dated July 2, 2014, wherein they notified the Court of a "related" matter presently pending in the United States District Court for the Eastern District of New York, *Avila v. Riexinger & Associates, LLC, et al.*, Docket No. 13-cv-4349 ("*Avila*"). Prior to Defendants filing the notice of related cases, counsel for the Parties in both cases attempted to draft a joint notice of such. However, pursuant to a disagreement over Defendants' mischaracterization of Local Rule 50.3.1 as well as their mischaracterization of the cases as "essentially identical," a joint notice was not feasible.

**Local Civil Rule 50.3.1**

One of the disagreements leading to the failed attempt to submit a joint notice of related cases was the characterization of the applicable law. Local Civil Rule 50.3.1 ***section (a)*** does state that "[a] civil case is 'related' to another civil case for purposes of this guideline when, because of the similarity of facts and legal issues or because the cases arise from the same transactions or events, a substantial saving of judicial resources is likely to result from assigning both cases to the same judge and magistrate judge." **However**, *section (b)* of the same rule – 50.3.1 – states that "[a] civil case shall not be deemed 'related' to another civil case merely because the civil case: (A) involves identical legal issues, or (B) involves the same parties." While Plaintiff agrees that a Notice of Related Cases is proper as there are *some* factual overlap between the cases, it is not a foregone conclusion that the cases should be consolidated, and Defendants focus on its characterization of the cases as "essentially identical" misstates the facts

1

and fails to account for Local Rule 50.3.1 in its entirety. Importantly, Defendants' decline to explain how the *Elrod* and *Avila* cases actually differ.

In sum, Defendants' counsel have made clear to Plaintiffs' counsel that their goal in filing the Notice of Related Case is to implicitly advocate for transfer and consolidation of the *Elrod* case so they can attempt to stay the *Elrod* matter and not have to litigate a Motion to Dismiss that has radically different claims and defenses from the issues pending in the *Avila* case.

## Case Comparison

The disagreement between the Parties hindering a joint notice of related cases is the characterization of the cases as "essentially identical." Plaintiff agrees that the cases share the following similarities:

- The Plaintiff in this case, Sara Elrod, and the Plaintiff in *Avila*, are both individual debtors;

- Both Plaintiffs are complaining of debt collection letters they received from the same debt collectors, namely Riexinger & Associates, LLC and Stephen P. Riexinger;

- The Parties in both cases are represented by the same counsel;

- Both *Avila* and *Elrod* allege the collection letters they received violate 15 U.S.C. §§ 1692e, e(2)(A), e(5), e(10) and 1692g(a)(3) of the FDCPA; and

- Both Avila and Elrod have filed lawsuits against the debt collectors and debt buyers who were seeking to collect debts from them (as identified in their respective debt collection letters).

The claims ***differ*** in that:

- *Avila* has alleged <u>four</u> separate causes of action and <u>four</u> separate classes (in *Elrod* there is only one each), which include the following claims that are *neither* factually nor legally at issue in *Elrod*: 15 U.S.C. §§ 1692f, 1692f(1), 1692g(a), 1692g(a)(2), and 1692j; N.Y. Gen. Bus. Law 349(h); NY Gen. Oblig. L. § 5-501 (including relief under NY Gen. Oblig. L. §§ 5-511 and 5-113); and 18 U.S.C. §§ 1962(b) and 1692(c);

- In *Elrod*, Riexinger falsely states that he possesses a "New York License Number" following his signature block on the letter at issue in *Elrod*, and that he is providing legally representation to an Illinois resident, where neither Riexinger nor his law firm are licensed to practice law). [*Avila* Amend. Compl., Ex. A *cf. Elrod* Compl., Ex. A], giving rise to additional

claims that have been pleaded in Elrod's complaint;

- The *Avila* amended complaint seeks declaratory and injunctive relief, actual damages, and punitive damages, none of which are sought in the *Elrod* case.

Consequently, contrary to Defendants' argument, it is not "plain" that if these actions are not deemed related, the Parties could be subjected to conflicting orders. In fact, it is an almost certainty that there will be conflicting orders based on the factual distinctions underpinning both Plaintiffs' complaints, which flow from the distinct collection letters received by the two Plaintiffs and due to the myriad other factual and legal claims set for in *Avila* that are absent from *Elrod*.

Furthermore, because the claims **do** include different legal issues in addition to the overlapping allegations, and the Plaintiffs each have a right to be heard on their specific issues, a determination of relatedness is not a foregone conclusion. Thus, Plaintiffs contend that the *Elrod* and *Avila* cases may be considered related and, if so deemed by the Court, may further the interests of justice and efficiency on the related legal issues, provided the specific and individual allegations found in each case are taken into account and each Plaintiff is afforded due process to be heard on the merits of their respective, and differing, factual and legal claims.

Respectfully submitted,

Abraham Kleinman

cc: Hon. Kiyo A. Matsumoto (via ECF)
Hon. Raymond J. Dearie (via ECF)
All Counsel (via ECF)