## LANDMAN CORSI BALLAINE & FORD P.C.
A NEW YORK PROFESSIONAL CORPORATION
ATTORNEYS AT LAW

JENNIFER A. RAMME
ASSOCIATE
TEL: (212) 393-7938
EMAIL: jramme@lcbf.com

120 BROADWAY
27TH FLOOR
NEW YORK, NY 10271-0079
TELEPHONE (212) 238-4800
FACSIMILE (212) 238-4848
www.lcbf.com

One Gateway Center
Newark, NJ 07102
Tel: (973) 623-2700

1617 JFK Boulevard
Philadelphia, PA 19103
Tel: (215) 561-8540

July 8, 2014

**By Regular Mail**
Douglas C. Palmer, Clerk of Court
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   ***Elrod v. Riexinger & Associates, LLC, et al.***
      Docket No. 14-cv-2740 (KAM) (RLM)

Dear Mr. Palmer:

We represent defendants Riexinger & Associates, LLC, Stephen P. Riexinger, and Bureaus Investment Group Portfolio No. 15, LLC, in the above-referenced matter ("*Elrod*"). On July 2, 2014, we submitted a letter informing the Court that upon completion of defendants' pre-motion letter in *Elrod* (filed on June 30, 2014), we believed that *Elrod* was related to another action presently pending in the United States District Court for the Eastern District of New York, namely *Avila v. Riexinger & Associates, LLC, et al.*, Docket No. 13-cv-4349 ("*Avila*"). The attorneys for the plaintiffs in *Elrod* and *Avila* filed a response to defendants' letter on July 7, 2014, and we now write to briefly reply to plaintiffs' letter.

First, as expressly set forth in defendants' letter dated July 2, 2014, we simply wrote to advise the Court, as required under Local Rule 1.6, that we believed *Elrod* and *Avila* were related cases. Nevertheless, plaintiffs' attorneys continue to insist that defendants are "advocat[ing] for transfer and consolidation of the *Elrod* case so they can attempt to stay the *Elrod* matter and not have to litigate a Motion to Dismiss." However, this contention is patently false and totally baseless. Indeed, the defendants have already filed a pre-motion letter in *Elrod*, seeking leave to file a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). In addition, we have repeatedly advised the plaintiffs' attorneys that defendants intend to file a separate motion to dismiss in the *Elrod* case, so long as the Court grants us permission to do so. Despite these representations, plaintiffs' attorneys continue to believe otherwise (without any conceivable basis for doing so).

Second, with respect to the claims alleged in *Elrod* and *Avila*, plaintiffs make much of the presence of the New York License Number, contained at the end of the letter at issue in *Elrod*. However, the presence of this license number does not have any significant impact on the analysis of the FDCPA claims at issue. Notably, the license number is not identified as a law

license, and nowhere does the letter provide that defendant Stephen P. Riexinger was retained to provide legal representation. To the contrary, the New York License Number is simply referring to the Debt Collection Agency license number issued by the Department of Consumer Affairs. Thus, the presence of the license number cannot and does not affect the issue of whether *Avila* and *Elrod* should be deemed related cases.

Accordingly, defendants respectfully request that *Avila* and *Elrod* be deemed related cases.

Respectfully submitted,

Jennifer A. Ramme

cc: Hon. Kiyo A. Matsumoto (via ECF)
Hon. Raymond J. Dearie (via ECF)
All Counsel (via ECF)